ROBERTS, Justice.
The appellant was indicted on a charge of first degree murder and was convicted of second degree murder. He has appealed from the judgment of conviction.
The appellant here contends, among others, that the trial judge erred in admitting in evidence the testimony of a State’s witness whose name had not appeared on a list of witnesses furnished to the appellant by the State in advance of the trial. The list had been furnished in compliance with an order of the-trial judge, entered upon the motion of appellant, to furnish to the appellant “a full and complete list of witnesses to be used by the State” and to keep such list up to date.
The record shows that, at the trial of the cause, the State called as a witness one Dr. Wardell E. Stanfield, to which testimony counsel for the appellant objected on the ground that Dr. Stanfield's name was not on the witness list. Counsel for the appellant admitted that he had received notice at 10:00 o’clock that morning that the State intended to call this witness; he did not ask for a continuance in order to interrogate the witness; nor did he make it appear that he had not had an opportunity to examine the witness subsequent to his actual notice that the witness would be called, had he desired to do so; in fact, he made no showing whatsoever that he would be prejudiced in any way by allowing this witness to testify. He contended only that the witness should not be permitted to testify since his name was not on the list and since he had had “no substantial notice of this witness being called.” The trial judge overruled his objection and permitted the witness to testify, and the appellant here contends that this was error.
Our statute, Section 906.29, Florida Statutes, F.S.A., provides that “It shall not be necessary to indorse on any indictment or information the names of the witnesses on whose evidence the same is based, but upon motion of defendant, the court shall order the prosecuting attorney to furnish the names of such witnesses.” While it would appear that, upon the motion of the accused, a trial judge should require the State to supply a list of the witnesses upon whose evidence an indictment or information is based, there is nothing in our statutes which requires a trial judge to order the State to furnish “a full and complete list of witnesses to be *272 used by the State, as was done in the instant case. The trial judge exercised his judicial discretion in so ordering. At the trial, he determined that permitting Dr. Stanfield to testify would not be in violation of his order, and we know of no one in a better position than he to make this determination.
The other questions argued by the counsel for appellant have been considered, and no error has been found.
For the reasons stated, the judgment appealed from should be and it is hereby
Affirmed.
THOMAS, HOBSON and DREW, JJ., concur.