239 So.2d 83 (1970)
Preston Oliver HOWARD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. M-179.
District Court of Appeal of Florida, First District.
August 18, 1970.
Rehearing Denied September 22, 1970.
Richard W. Ervin, III, Public Defender, and John D. Buchanan, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant seeks reversal of his felony conviction and sentence on charges of selling a hallucinogenic drug, lysergic acid, also known as LSD. At the time of the offense, appellant was a student at Florida State University, and the sale occurred in the environs of the university but not on the campus itself.
The sole question relied upon for reversal is whether the trial court committed fatal error when a witness whose name had not been disclosed to the defendant in response to a motion therefor was permitted to testify over defendant's objection. The particular witness involved was a chemist in the crime laboratory of the Florida Bureau of Law Enforcement whose brief testimony was presented to prove the chain of possession of the pill between the time it was received by that agency from the charging officer and then given to the chemist who actually performed the tests and later testified at the trial as to the *84 identification of the substance. The witness objected to gave no testimony relating to the substantive facts of the crime charged.
Appellant contends that Rule 1.220(g), Florida Rules of Criminal Procedure, 33 F.S.A., requires the trial court to prohibit a party from calling a witness not disclosed pursuant to an order by the court. We do not agree. It is clear from a reading of the entire rule that broad discretion is vested in the trial court as to the proper remedy which should be invoked in the event an undisclosed witness is sought to be used. While the trial court's discretion is not unlimited under this rule and may be reversed when abused as was done in Wilson v. State, 220 So.2d 426 (Fla.App. 1969), we cannot say that there was an abuse of such discretion in the case at bar.
The Criminal Procedure Rules "* * * are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration." Cr.P.R. 1.020. It is apparent to us that such rules should be considered by an appellate court in conjunction with the provisions of Section 924.33, Florida Statutes, F.S.A., which provides that rulings or proceedings in criminal cases that are not prejudicial or harmful do not require reversal. The cited statute is but a codification of the "harmless error" doctrine which has been developed by judicial decision to avoid reversal in cases where it appears that justice has been served and that in all probability a new trial with the same admissible evidence would not alter the end result. See Urga v. State, 155 So.2d 719 (Fla.App. 1963), and cases cited therein at page 721.
If we were to accept appellant's contention that the court's ruling on his objection to the witness's testifying constituted reversible error, the defect complained of could be readily cured on retrial resulting in the needless expenditure of public funds which could better be used to ferret out those who encourage and thereby border upon becoming accessories to dealing in and using hallucinogenic drugs. Little research is necessary to convince us that drug abuse is fast assuming such epidemic proportions that it poses a clear and present danger to the health, safety and welfare of all citizens.
Appellant's contention that the testimony of the witness in question was prejudicial was rejected by our Supreme Court in Newman v. State, 196 So.2d 897 (Fla. 1967). There, in a closely analogous situation, the court held:
"Point 3. We have carefully considered the claim that the trial court erred in allowing the witnesses to testify whose names had not been furnished defendant pursuant to order of the trial court.
"[5] Two F.B.I. agents testified whose names were not furnished. They were used for the purpose of examining and identifying, because of their training and qualifications, certain exhibits alleged to relate to the commission of the offense. Their testimony of identification went to proof of either the physical nature of the exhibits or their ownership. We do not find the defendant was prejudiced thereby or that he did not have ample opportunity to cross-examine and offer rebuttal testimony. Moreover, defendant had been permitted to inspect these exhibits prior to the trial and stickers and labels thereon indicated that they had been submitted to the F.B.I. for examination and analysis. Under these circumstances we do not believe the trial judge abused his discretion in permitting the testimony of the two F.B.I. witnesses who had not been previously listed among the states' witnesses. See Shields v. State (Fla.) 64 So.2d 271, and State v. Shouse (Fla.App.) 177 So.2d 724."
The judgment of conviction reviewed herein is accordingly affirmed.
JOHNSON, C.J., and RAWLS, J., concur.