SWANN, Chief Judge.
Defendants’ appeals from their convictions for the crime of robbery have been consolidated. The amount allegedly taken at gun point was $80.00. They have assigned several points for reversal and we find reversible error in the court’s failure to instruct on the lesser included offenses of robbery.
Defendants properly requested that the jury be charged on the “lesser included offenses of attempted robbery and petit larceny.” The court denied these motions. In Brown v. State, Fla.1968, 206 So.2d 377, the Supreme Court was concerned with a robbery in the amount of $68.00. In reversing and remanding for a new trial because of the failure to charge the jury on the larceny instruction requested by Brown, the late Justice Thornal said:
“For example, in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny. * * * It is legally impossible to prove a robbery without also proving a larceny. In such a situation, § 919.16, requires the instruction on the lesser offense, even though the proofs might satisfy the trial judge that the more serious offense was committed. This is so because under the quoted statute it is not within his province to make this decision. Section 919.16, grants to the jury the discretion to convict of a necessarily included offense. * * * ” [Citations omitted]
The state notes that Brown was based on Florida Statutes 919.14 and 919.16, F.S.A., which were repealed as of January 1, 1971 and that Rule 1.510 CrPR, 33 F.S.A., now controls. It provides:
“Upon an indictment, information or affidavit upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The Court shall charge the jury in this regard.”
We think the state suggests a distinction without a difference insofar as the repeal of the statutes are concerned. Under Brown, supra, the court was required to give the requested charge on larceny and under Rule 1.510 CrPR the requested charge on an attempt should have been given.
The state suggests that the failure to give such charges was harmless error. It cites Howard v. State, Fla.App.1970, 239 So.2d 83 and Richardson v. State, Fla. 1971, 246 So.2d 771 in support of this position. We have examined these authorities and they were not concerned with a failure to give requested charges on “lesser included offenses”. We find them inapplicable. The refusal to give a requested charge of larceny in a robbery case is not “harmless error”. Hand v. State, Fla.1967, 199 So.2d 100.
We have also examined two recent opinions on this point. Anderson v. State, Fla.App.1971, 255 So.2d 550; and DeLaine *335 v. State, Fla.1971, opinion #67-358, filed November 10, 1971. We do not believe they compel a different conclusion.
In view of our reversal on this point, we see no need to discuss or decide any of the other points which defendants raise for reversal.
The final judgments herein appealed are reversed and the cause remanded for a new trial.
It is so ordered.