279 So.2d 909 (1973)
Richard L. BLACK, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1503.
District Court of Appeal of Florida, Third District.
June 26, 1973.
*910 Phillip A. Hubbart, Public Defender and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Peter F. LaPorte, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Sr., Associate Judge.
MELVIN, WOODROW M., Sr., Associate Judge.
The appellant seeks reversal of a life sentence imposed against him, based upon a jury verdict finding him to be guilty of the crime of robbery.
The only point on appeal that merits discussion relates to the failure of the trial court to charge the jury as to lesser and included offenses. Appellant relies upon Miles v. State, Fla.App. 1972, 258 So.2d 333. We adhere to the ruling in the cited case. The rule requiring the trial court to charge the jury as to lesser and included offenses is of benefit, not only to the defendant but also, in some situations, may well prove beneficial to the State.
There are many basic rights that are secured to every defendant. He has the right to trial by jury. However, he may waive such right and submit the issues for determination by the judge. He may also waive such right and enter a plea of guilty to the charge. We hold, further, that he may waive his right to have the jury charged as to lesser and included offenses.
The record reveals that defense counsel, in his opening statement to the jury, stated:
* * * * * *
"There is one issue in this case, Ladies and Gentlemen, and one issue only. There's no question that a crime was committed in this case. The only issue is that who perpetrated the crime." [emphasis supplied]
* * * * * *
The issue was thus drawn. The evidence is abundant that the alleged victim was robbed of articles of value. The defendant's sole contention was that the State had failed to prove that he was the person who committed the act of robbery. The State produced competent evidence which the jury could believe, and by the verdict proclaimed the jury did believe that it was the defendant, and no one else, who committed this felony.
The error here complained of [if any there be] at the most was and is harmless. State v. Wilson, Fla. 1973, 276 So.2d 45 (opinion filed April 11, 1973), and cases cited therein.
*911 The appellant having failed to demonstrate reversible error, the judgment and sentence appealed from is affirmed.
Affirmed.
PEARSON, Judge (dissenting).
In my opinion, the duty of the trial judge to instruct upon necessarily included offenses is not waived by a remark of counsel in his opening statement. I would reverse for a new trial. See Hand v. State, Fla. 1967, 199 So.2d 100; Miles v. State, Fla.App. 1972, 258 So.2d 333.