RYDER, Judge.
Charles Roberts appeals his conviction of the crime of issuing a worthless check contravening Section 832.05(2), Florida Statutes (1977). Mr. Roberts contends, inter alia, that the trial judge erred in refusing to permit the introduction of Roberts’ checkbook into evidence and that the evidence contained therein was basic to his defense in the cause.
Mr. Roberts was charged with having issued a worthless check in the amount of $168.00 to an employee on February 3,1978. The testimony introduced at trial indicated that the amount of the check in question and that of two other checks also written on February 3, 1978 together exceeded the balance in Mr. Roberts’ checking account. The two other checks reached the bank first and were honored, but the employee’s check was not and was returned because the account had been closed by the bank for insufficient funds.
Mr. Roberts’ defense was that he had entrusted his wife with $300.00 to deposit in his account and that she had failed to do so. In support of this defense, Mr. Roberts attempted to introduce his checkbook into evidence for the purpose of showing that he had entered the $300.00 as a deposit entry in the register. The prosecutor objected to the introduction of the checkbook because its existence had not been disclosed to the prosecution in response to the State’s demand for reciprocal discovery. Defense counsel explained that Mr. Roberts and his wife had separated and that she had retained possession of the checkbook. Mr. Roberts had not recovered possession of the book until the evening before trial. Defense counsel further averred he did not actually discover the entry until after the trial had begun.
The trial court rejected the explanation on the basis that the criminal discovery rules are a “two-edged sword”, and, without further inquiry, refused to admit the checkbook into evidence. Mr. Roberts was found guilty as charged and sentenced to five years imprisonment.
Under the circumstances, the trial court’s refusal to admit the checkbook as evidence was error. Where it is brought to the attention of the trial court that a party has failed to comply with the criminal rules on discovery, the trial court has the discretion to determine whether the noncompliance would result in harm to the other party, but this discretion can only be properly exercised after the court has made an adequate inquiry into the surrounding circumstances. Bradford v. State, 278 So.2d 624 (Fla.1973); Richardson v. State, 246 So.2d 771 (Fla.1971). This, the trial court failed to do.
A defendant facing a serious criminal charge should be able to produce evidence essential to his defense. See Wilson v. State, 220 So.2d 426 (Fla. 3d DCA 1969), cert. den., 225 So.2d 921 (Fla.1969). The failure of defense counsel to inform the prosecution of the existence of the checkbook was not an exercise of personal judgment by defense counsel nor a trial tactic. Even if the failure to notify was due to the negligence or inadvertence of defendant’s attorney, defendant should not be the one to suffer the consequences unless the lack of notice caused prejudice to the State.
*802 Although the court did briefly hear Mr. Roberts’ explanation for his noncomplianee with the discovery rules, the record is devoid of any indication as to how the introduction of the checkbook would have prejudiced the State.
Accordingly, we REVERSE and REMAND the cause for a new trial.
HOBSON, Acting C. J., and OTT, J., concur.