RYDER, Judge.
Appellant contends that the trial court erred in excluding the testimony of a defense witness whose name was not included on the witness list without first making an adequate inquiry into all the surrounding circumstances. We agree.
The defendant was tried by jury on a charge of aggravated assault. At trial the defense called Mr. John Irwin as a witness. The prosecutor requested that Mr. Irwin be barred from testifying simply because his name had not been included on the witness list provided to the state pursuant to Florida Rule of Criminal Procedure 3.220. Defense counsel opposed this motion indicating that he did not know Mr. Irwin’s name until that day. The court, without further inquiry into the circumstances surrounding the failure to comply with the rule, granted the state’s motion.
Where it is brought to the attention of the trial court that a party has failed to comply with the criminal rules of discovery, the trial court has the discretion to determine whether the noncompliance would result in harm to the other party. However, this discretion can only be properly exercised after the court has made an adequate inquiry into the surrounding circumstances. Richardson v. State, 246 So.2d 771 (Fla. 1971); Roberts v. State, 370 So.2d 800 (Fla. 2d DCA 1979). This the trial court failed to do.
Accordingly, we REVERSE and REMAND the cause for a new trial.
BOARDMAN, A.C.J., and SCHEB, J., concur.