C. L. PRATT, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 8, 1923.

Petition for rehearing denied January 19, 1923.

1. A defendant in a criminal case is not entitled as a matter of right to a directed verdict.

2. No error is committed where the court refuses to give an instruction that has been fully covered in the general charge.

3. The offense of "fornication" is a separate and distinct offense from, and not one of less degree or included in that of having sexeual intercourse with an unmarried female of previous chaste character under the age of eighteen years.

4. Evidence examined and held to be sufficient to sustain the verdict.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Affirmed.

*John M. Coe*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the tSate.

BROWNE, J.—C. L. Pratt was convicted in the Court of Record of Escambia County for having carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years.

The first asignment of error, based upon the refusal of the court to direct a verdict for the defendant, is without merit, as it is well settled in this jurisdiction that a defendant in a criminal case is not entitled as a matter of right to a directed verdict.

The second assignment is based upon the denial of the defendant's motion for a mis-trial "because the county solicitor and the assistant county solicitor were absent from the court room during the trial of a greater part of the cause, and left the entire conduct of the cause to a privately employed attorney."

In denying the motion, the court said: "The County Solicitor and Assistant County Solicitor have been present during the whole of this trial, and the Assistant County Solicitor was conversing with and assisting Mr. Fisher in the examination, and upon some occasions stepped out of the court room to interview witnesses. The County Solicitor himself was present in the court room, in his capacity as County Solicitor during the whole of this trial."

The motion is not supported by affidavits, and we must accept the statement by the trial judge as to the presence of the County Solicitor and the Assistant County Solicitor during the whole of the trial and the participation by the Assistant County Solicitor in the trial of the cause. Upon his showing we hold that the motion for a mistrial was properly denied.

Assignments three, four and five relate to the refusal of the court to give instructions Numbered 1, 3a, 3d and 4, requested by the defendant. Instructions numbered 3a and 3d, are in effect requests for a directed verdict, and what we have said in relation to the first assignment, applies here.

The third assignment of error is based upon the refusal of the court to give requested charge No. 1. This charge was fully covered in the general instructions, and under the well settled rule in this State, no error is committed where the court refuses to give an instruction that has been fully covered in the general charge.

The fourth requested instruction was: "The court charges you that under the evidence submitted to you, you cannot convict the defendant of any greater crime than fornication."

This charge was correctly refused, because the offense named in that instruction is a separate and distinct offense, and not one of a lesser degree than that with which the defendant is charged, and is not included in it.

The members of the court are in accord with the foregoing views, but the majority hold that there is evidence to support the verdict and that the judgment should be affirmed.

Upon this point the Chief Justice and the writer differ with the majority of the court and think that the evidence

does not support the verdict, as appears from the following discussion.

There is no evidence connecting the defendant with the offense charged, except that of the girl herself, which is not corroborated in any detail or particular. On the other hand, it is positively contradicted by the defendant, and his testimony is strongly corroborated by circumstances and the testimony of other witnesses. A motive for her making the charge against Pratt is shown, and knowledge by her that such a charge would have the effect of accomplishing her purpose.

The complaining witness was adopted by the Pratts, who took her from Anniston, Alabama, to Florida.

They were people of extremely moderate circumstances, and lived in the country in a small house with only one sleeping room.

The girl was discontented with the Pratt home from the time she arrived there, and wrote her aunt making light of the home that had been given her. This letter the grandmother intercepted and would not let her send it. The girl steadily grew more discontented, or in the language of Mrs. Pratt, "Her discontent grew worse."

Mr. Pratt caused the complaining witnesses's sister to be whipped on one occasion, and shortly after this the complaint against him was made. She told Mrs. Pratt that she knew how she could get away from them.

Mrs. Albermatis, the trained nurse, testified as follows: "One afternoon she said to me she did not like the country life, and wished she had never come here, she said it was nothing but hard work and go to school; I told her that they should be smart little girls, and she gave me to understand that she didn't like country life, and she knew how

to get off if she wanted to go; I do not remember her exact words, she gave me to understand that they could get away if they wanted to; that was this last past February.''

She intimated to Mrs. Pratt that she had gotten away from her step-grandfather by making a charge against him of the same nature of the charge she made against Mr. Pratt .

She told persons that her step-grandfather had had intercourse with her in Alabama, before she came to Florida. If the charge against her step-grandfather is true, she was not of chaste character at the time she asserts Pratt had intercourse with her, and the defendant should not have been convicted on the charge.

On the other hand, if it is false, it shows an inclination or habit on the part of the girl to make false charges of this character.

Other acts of hers were clearly established and uncontradicted, that showed that she was addicted to immoral practices.

The evidence discloses this situation: an adopted girl, addicted to immoral practices that cause her mind to run on sex subjects, is dissatisfied with her foster parents' home; she desires to leave the country where they are living and return to the city; she charges her step-grandfather with acts similar to those she charges her foster father with; she has a precocious knowledge that such a charge against Mr. Pratt will accomplish her purpose.

Human liberty will not be safe if charges of this character may be sustained on such testimony.

Courts should be careful not to permit salutary statutes enacted for a proper purpose, to be used for revenge, satis-

faction, or the accomplishment of some ulterior purpose on the part of the person making the charge.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, J., concur.

ELLIS AND WEST, J. J., concur in the affirmance of the judgment.