262 So.2d 655 (1972)
Will0iam E. DeLAINE et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 39464.
Supreme Court of Florida.
May 3, 1972.
*656 Robert E. Jagger, Public Defender, Carleton L. Weidemeyer, Sp. Asst. Public Defender, and Frank H. White, Asst. Public Defender, for William E. DeLaine, Joseph I. Graier, James C. Hillary, Irving Knight and Charlie Waters.
Fred G. Minnis of Minnis & Williams, St. Petersburg, for Wilbur L. Hunter.
Robert L. Shevin, Atty. Gen., and Michael N. Kavouklis, Asst. Atty. Gen., for respondent.

ON REHEARING GRANTED AND ORIGINAL OPINION WITHDRAWN
CHRISTIE, FRANCIS J., Circuit Judge:
This Court granted a petition for certiorari in the above-styled case on the basis of apparent conflict in the case at Bar with other decisions of this Court or other appellate courts of this State. The petition is presented pursuant to Fla. Const., art. V, § 4, F.S.A., and Rule 4.5, subd. c of the Florida Appellate Rules, 32 F.S.A.
The petitioners were indicted by the Grand Jury of Pinellas County for the crime of rape.
The petitioners were tried together for said crime and were each convicted of said charge with a recommendation of mercy. Thereafter they were sentenced to imprisonment.
After their convictions and sentencing, petitioners appealed to the District Court of Appeal, Second District, assigning as error eight points for consideration. The District Court of Appeal, Second District, affirmed their conviction. DeLaine v. State, 230 So.2d 168 (Fla. 1970).
Thereafter this Court granted certiorari to the District Court of Appeal, Second District, for the above-stated reason of conflict, if any, with other reported cases of this State.
One of the eight points assigned as error by petitioners in their appeal to the District Court of Appeal, Second District, was based upon the refusal of the trial court to give their requested instructions as to lesser included offenses to the crime of rape, namely, assault and battery, and fornication.
This opinion is directed solely to the above assigned point, as it is obvious that this was the pivotal or only point which caused this court to issue the writ of certiorari.
For purposes of clarity, the assigned point is treated in two phases or in two categories; first the crime of fornication and, lastly, the crime of assault and battery.
With this in view, it becomes necessary to recite the facts that occurred in the case now under consideration.
The prosecutrix, a high school student, during lunch hour at school, entered an automobile that was parked adjacent to the school. A fellow student (one of the petitioners before the Court) was the only other occupant of the car. He started the vehicle and took the prosecutrix for a ride. Nothing of any consequence occurred during the ride, but upon arriving at a house in a residential section of the city, the driver stopped the automobile and by the use of some degree of force was able to get the prosecutrix into the house. Thereafter what occurred can be best described as an attack with such force and brutality that she was thrown upon the bed by the petitioners, who had secreted themselves in the house. Her undergarments were ripped from her body, her eye, her breast, her arm and her leg were contused. She was raped by petitioners, one after the other, with the exception of one, Irving Knight, who stated that he would wait `til last. Throughout this sordid ordeal, those of the petitioners that were not having *657 carnal knowledge of the prosecutrix were either holding her or aiding and abetting the others and awaiting their turn.
The testimony before the trial court and the jury that consumed 14 days showed, inter alia, that the prosecutrix fought gallantly and resisted her attackers to the fullest extent. She lost her fight to the horde that perpetrated upon her a brutal and ferocious attack that did not end until the arrival of the police.
Petitioners contend that the trial court erred in failing to give an instruction of the lesser included offense of fornication.
At common law, the term "fornication" was used to describe illicit sexual intercourse between either a married or an unmarried man and an unmarried woman, and was not punishable unless committed under such circumstances as to amount to a nuisance. 1 F.L.P., Adultery, Fornication and Lewdness, § 11; 1 Fla.Jur., Adultery and Fornication, § 12. Fla. Stat. § 798.03, F.S.A., penalizes the commission of fornication but does not define the crime. The statute provides that both parties are equally guilty. The common law definition of a crime is accepted when a statute does not define the forbidden conduct. Carnley v. State, 88 Fla. 281, 102 So. 333 (1924). These principles must be considered in determining whether or not fornication is a lesser included offense where petitioners are charged with rape.
In Pratt v. State, 84 Fla. 685, 95 So. 232 (1923), the defendant was convicted for having carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. This offense is generally referred to as "statutory rape." The following appears in the opinion affirming the conviction:
"The fourth requested instruction was:
"`The court charges you that, under the evidence submitted to you, you cannot convict the defendant of any greater crime than fornication.'
"This charge was correctly refused, because the offense named in that instruction is a separate and distinct offense, and not one of a lesser degree than that with which the defendant is charged, and is not included in it." (Emphasis supplied) (p. 233).
We hold that fornication is an offense separate and distinct from rape, and is not a necessary included offense. See Holland v. State, 161 Ga. 492, 131 S.E. 503; 37 C.J.S. Fornication § 1, p. 118.
The only lesser included offenses in the crime of rape are assault with intent to commit rape, assault and battery, and bare assault. This is the principle enunciated in the standard jury instructions as approved and adopted by this Court on May 27, 1970.
We now consider the instruction requested by the petitioners on the lesser included charge of assault and battery, which the trial judge refused to give. In Brown v. State, 206 So.2d 377 (Fla. 1968), we said:
"Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should be given." (p. 384)
The trial court was in error in refusing to give the requested charge on assault and battery.
In Hand v. State, 199 So.2d 100 (Fla. 1967), and in Brown v. State, supra, the defendant was charged with the crime of robbery, and at the conclusion of the trial defendant requested that the trial judge instruct the jury on the lesser included offense *658 of larceny. In each case the trial judge refused to give the charge and such refusal was held to be reversible error. In Hand v. State, supra, we noted:
"The refusal by the trial courts so to charge in the instant consolidated cases was not harmless error." (p. 103)
It is apparent that we have not foreclosed, under appropriate circumstances, the invocation of Fla. Stat. § 924.33, F.S.A., which reads:
"No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
In the case sub judice, the trial judge did instruct the jury on the lesser included crime of assault with intent to commit rape, and the jury had before it an opportunity to convict the petitioners thereunder. This the jury did not do, but chose to convict petitioners under the greater charge of rape, obviously because the jury had before it overwhelming evidence of force and repeated penetration with prosecutrix, together with evidence of her utmost resistance. The record and transcript of this trial demonstrates that great force was used upon the prosecutrix and that she was raped repeatedly against her will and that throughout she fought and resisted to the best of her ability.
We hesitate to invoke the harmless error statute quoted above in a case of this magnitude, but we have determined that the petitioners received a fair trial and justice dictates an affirmance rather than a reversal. As a matter of common sense and logic, if the jury did not convict the petitioners of assault with intent to commit rape, the same jury would not convict them of assault and battery, which is two steps removed from the crime of which petitioners were convicted. Under the circumstances of this case, the failure to give the requested charge on assault and battery was harmless error.
If the harmless error statute quoted above has been made applicable to a first degree murder case in which the verdict was one of guilty without recommendation for mercy, as in North v. State, 65 So.2d 77 (Fla. 1953), certainly it is appropriate to make the statute applicable in the case sub judice.
The writ of certiorari heretofore granted is hereby quashed and discharged as being issued improvidently.
It is so ordered.
ROBERTS, C.J., CARLTON, ADKINS and BOYD, JJ., and WIGGINTON, District Court Judge, concur.
DREW, J., (Retired) dissents.