OWEN, Judge.
Appellant was convicted of robbery and sentenced to a term in prison. On this direct appeal he urges that the court erred (1) in denying his motion to suppress certain physical evidence and a signed statement, (2) in refusing to declare a mistrial, and (3) in refusing to instruct the jury on lesser included offenses.
Appellant says that his written consent to search of his automobile (resulting in the seizure of $7,320 taken in the robbery) executed 30 minutes after his arrest, and the written statement which he signed five hours after his arrest were both rendered involuntary because signed by appellant while he was still in a state of intoxication. The record contains competent evidence to sustain the trial court’s implied finding to the contrary. The court did not err in denying the motion for a mistrial. Anderson v. State, Fla.App.1970, 230 So.2d 704. The court instructed the jury on robbery and grand larceny but refused appellant’s request to instruct the jury on the other lesser included offenses of robbery. This was error, Brown v. State, Fla.1968, 206 So.2d 377, but we hold it to be harmless error under F.S. Section 924.-33, F.S.A. in view of the fact that the jury declined to convict appellant of grand larceny and found him guilty of robbery as charged. DeLaine v. State, Fla.1972, 262 So.2d 655. Cf. Anderson v. State, Fla.App.1971, 255 So.2d 550. Contra, Miles v. State, Fla.App.1972, 258 So.2d 333.
Affirmed.
REED, C. J., and MAGER, J., concur.