279 So.2d 331 (1973)
Jimmy STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-96.
District Court of Appeal of Florida, Second District.
June 8, 1973.
W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant, Jimmy Stephens, was charged jointly with one Thomas William Bryan with robbery. The defendants were tried and convicted by a jury, adjudged guilty, and appellant Stephens was sentenced to forty years in the State penitentiary. Appellant appeals from the judgment and sentence entered against him.
On November 27, 1971, a U-Save Super Market in Hillsborough County was robbed by a man, later identified as appellant, who pointed a pistol at the assistant manager of the store and demanded the money. Appellant and co-defendant were apprehended shortly thereafter and charged with the crime.
During the trial at a conference on jury instructions appellant requested the trial court to give instructions to the jury on the lesser included offenses of grand larceny; buying, receiving or aiding in the concealment of stolen property; aggravated assault; aggravated battery; assault and battery; simple assault; and conspiracy to commit robbery. The lower court gave instructions on necessarily included offenses of grand larceny and petit larceny but refused to give other requested instructions.
In State v. Wilson, Fla. 1973, 276 So.2d 45, the Supreme Court reversed Wilson v. State, Fla.App., 265 So.2d 411, a case very similar to the one under review. In determining that assault was a lesser included *332 offense which may be included in the offense charged, the Supreme Court said:
"The information here alleged that the defendant `did, by force, violence or putting Pearl Snyder in fear, feloniously rob, steal and take away' certain personal property. Simple assault, as pointed out in the District Court's decision, is defined as `an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well founded fear of such violence being done.' The language in the information appears to be sufficient to fall within this definition of assault. The information, however, is not sufficient as regards the offenses of aggravated assault (no allegation of assault with a deadly weapon) and assault and battery (no allegation of battery)."
As in the Wilson case, the information alleged that the defendants did "by force, violence, assault or putting in fear, rob, steal and take away from the person or custody of James Burnham," cash of the value of more than $100. The record shows that appellant pointed a gun at the victim in such a manner as to threaten to do violence to his person. Therefore, the evidence supports the allegation of the lesser offense of assault. The information was not sufficient, however, as regards the other offenses, and the trial court was correct in refusing to give instructions as to them.
The error in failing to give an instruction on simple assault was harmless, however, in view of the overwhelming evidence to support the jury's verdict. Wilson, supra; DeLaine v. State, Fla. 1972, 262 So.2d 655; F.S., § 924.33 F.S.A. See also Henry v. State, this court's case No. 72,797, 277 So.2d 78, opinion filed May 4, 1973. The victim and the store manager testified that appellant took money from them, and both positively identified appellant in court as the robber. The store manager also testified that when appellant ran out of the store he followed and saw him enter the passenger side of a Volkswagen, bearing license plate number 5D-259. This information was given to the police, the police spotted the vehicle, and a chase ensued. Appellant and the co-defendant left the vehicle, ran into the woods, and were later found hiding in weeds. In addition, the stolen money and other items were found in the abandoned Volkswagen.
We have examined the other point raised on this appeal and find it to be without merit.
The judgment appealed is, therefore,
Affirmed.
LILES, A.C.J., and McNULTY, JJ., concur.