304 So.2d 496 (1974)
Alvin SPIGNER, Appellant,
v.
STATE of Florida, Appellee.
No. V-464.
District Court of Appeal of Florida, First District.
December 12, 1974.
*497 Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
DREW (Ret.), Associate Judge.
Appellant was charged with and convicted of murder in the second degree. At the conference on charges, request was made to the trial court to charge the jury "on attempt and assault with intent to commit" the crime charged. The trial judge's denial of that request is assigned as error here and argued as one of the three points on appeal.
The pertinent statute[1] has been replaced by Rule 3.510, F.R.Cr.P., which provides:
"Upon an indictment or information upon which the defendant is to be tried for any offense, the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, ... The court shall charge the jury in this regard."
The record here shows that the trial judge charged the jury on: 1) murder in the second degree; 2) murder in the third degree; and 3) manslaughter, and defined these offenses to the jury with the admonition: "If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt." The conviction of appellant by this jury of the offense of murder in the second degree brings the failure of the trial judge to charge on attempt squarely within the scope of the harmless error statute,[2] and the holding of the Supreme Court in DeLaine v. State.[3] This Court should not reverse a judgment of conviction unless the error committed "injuriously affected the substantial rights of the appellant".[4] The statute contemplates the commission of error by the trial judge, and we think it was error not to charge the jury as requested. The result reached by the jury, however, in finding the appellant guilty of murder in the second degree when it was empowered to find him guilty of two lesser offenses, presents the exact situation meant to be covered by the statute. The error clearly did not injuriously affect the substantial rights of appellant.
The other points on appeal have been carefully considered and are found by us to be without merit.
Affirmed.
SPECTOR and JOHNSON, JJ., concur.
NOTES
[1] Florida Statute 919.16.
[2] Florida Statute 924.33.
[3] DeLaine v. State, 262 So.2d 655 (Fla. 1972).
[4] This is the exact language of the harmless error statute, supra.