PER CURIAM.
The appellant, Alphonso L. Sherman, was charged with robbery pursuant to Fla. Stat. § 813.011 (1972). A jury trial resulted in a verdict of guilty and a sentence of six months to fifteen years.
Sherman contends, inter alia, that reversible error was committed by the trial judge in refusing to give the jury a requested instruction on attempted robbery. The trial judge was of the opinion that robbery was a life felony and that in December of 1972, when the offense was committed, Fla.Stat. § 776.04 (1972) did not designate an attempt to commit a life felony as a crime. We agree that at that time an attempt to commit a life felony was not a crime;[1] however, we disagree with the characterization of robbery as a life felony. Fla.Stat. § 813.011 (1971), which was applicable in 1972, provided that robbery was a felony of the first degree, even though it carried a maximum sentence of life imprisonment. Under Fla. Stat. § 776.04(2) (1972) an attempt to commit a felony of the first degree was itself a felony of the third degree. Therefore, an instruction on attempted robbery should have been given. Brown v. State, Fla. 1968, 206 So.2d 377.
There remains the question of whether this omission was of sufficient magnitude to warrant reversal. The evidence fully supports the jury verdict of robbery. The court did charge the jury on the offenses of robbery, assault with intent to commit robbery, petit larceny, attempted petit larceny, assault and battery, and assault. We believe that if the jury had been inclined to convict appellant for any lesser offense, it would have returned a verdict of guilt for assault with intent to commit robbery just as quickly as it would have found him guilty of attempted robbery. The charge of attempted robbery was two steps removed from the charge of robbery. Under these circumstances, we believe that the failure to *258 give an instruction on attempted robbery was harmless error. State v. Wilson, Fla. 1973, 276 So.2d 45; DeLaine v. State, Fla. 1972, 262 So.2d 655; Stephens v. State, Fla. App. 2d 1973, 279 So.2d 331.
Affirmed.
McNULTY, Acting C. J., BOARDMAN, J., and GRIMES, J., concur.

. The Legislature of Florida has since passed a law providing that the said offense is a crime. See Section 776.04(1), Florida Statutes.