SMITH, Judge.
Appellant was convicted of breaking and entering an automobile with intent to commit larceny, in violation of § 810.051, F.S. 1973. He was simultaneously acquitted of charges in a second count that, in violation of § 814.03, F.S.1973, he willfully and without authority took possession of and took away the same automobile which belonged to another. Error is assigned in the trial court’s refusal “to give the jury Appellant’s requested instruction on attempt to commit the offenses charged” and appellate counsel for appellant argues that the trial court offended Brown v. State, 206 So.2d *34 377 (Fla.1968) in that ruling. We do not reach the question of whether, in view of other jury charges given, the failure to charge on attempt was harmless error [Spigner v. State, 304 So.2d 496 (Fla.App. 1st, 1974)] because this record contains no indication that trial counsel requested a charge on the offense of attempt to commit the crime of which appellant was convicted. For aught that appears, the request was for a charge on attempt to commit the offense of which appellant was acquitted. We will not determine substantial questions of law on so ambiguous a record. We have likewise considered appellant’s other points on appeal.
Affirmed.
BOYER, C. J., and MILLS, J., concur.