345 So.2d 719 (1977)
Gregory Lewis LOMAX, Petitioner,
v.
STATE of Florida, Respondent.
No. 48547.
Supreme Court of Florida.
March 31, 1977.
Rehearing Denied May 31, 1977.
*720 Jack O. Johnson, Public Defender, Tenth Judicial Circuit, Judge C. Luckey, Jr., Public Defender, and Ellen Condon, Asst. Public Defender, Thirteenth Judicial Circuit, for petitioner.
Robert L. Shevin, Atty. Gen., William I. Munsey, Jr., Richard G. Pippinger, Raymond L. Marky, George R. Georgieff and Richard Wilson, Asst. Attys. Gen., for respondent.
SUNDBERG, Justice.
Petitioner seeks certiorari review of the decision of the District Court of Appeal, Second District, which affirmed his conviction of robbery. We have jurisdiction of this cause under Article V, Section 3(b)(3), Florida Constitution, because the decision of the District Court, reported at 322 So.2d 650, conflicts with State v. Terry, 336 So.2d 65 (Fla. 1976); Lightfoot v. State, 331 So.2d 388 (Fla. 2d DCA 1976); Bracy v. State, 299 So.2d 126 (Fla. 4th DCA 1974); Lewis v. State, 269 So.2d 692 (Fla. 4th DCA 1972); and Miles v. State, 258 So.2d 333 (Fla. 3d DCA 1972).
According to the District Court opinion, petitioner Lomax robbed a motel clerk at gunpoint and at the time of his arrest was carrying a paper bag full of cash and a suitcase containing a pistol. At petitioner's trial for robbery, defense counsel requested instructions on attempted robbery, assault with intent to commit robbery, grand larceny and petit larceny. While the trial court instructed on robbery, grand larceny and petit larceny, it refused to give an instruction on assault with intent to commit robbery and attempted robbery.
The District Court of Appeal, Second District, held that it was error for the trial court to refuse to give the requested instructions, but held the error to be harmless. In reaching this conclusion, the court stated:
"In short, we hold that the failure to give an instruction of an immediately lesser included offense may be harmless if there is overwhelming evidence that the appellant committed the greater crime and the jury could not reasonably have found that only the lesser crime was committed." (Emphasis in the original) 322 So.2d at 651.
Petitioner contends that the trial court in failing to give the requested instructions committed reversible rather than harmless error.
The question presented this Court in the case sub judice is by no means one of first impression. We have been asked repeatedly to determine whether a trial court erred in refusing to instruct on a particular lesser-included offense, and if so whether that error was harmless or prejudicial. Initially, a line of case law evolved which supported the proposition that a trial court is not in error in refusing to instruct on lesser-included offenses when that court is of the opinion that, based upon the evidence adduced at trial, no reasonable jury could infer that the crime charged was not in fact committed. This proposition was rejected in Hand v. State, 199 So.2d 100 (Fla. 1967). In that case this Court stated:
"In our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge." 199 So.2d at 102.
While Hand held that it was "error" for the trial court to refuse to instruct on a lesser-included offense when that instruction *721 was required, this did not preclude the evolution of a subsequent line of authority that held the error to be harmless if, again, there exists overwhelming evidence that the defendant committed the crime charged. It is this theory that is embraced by the Second District Court of Appeal in the case sub judice. See also Stephens v. State, 279 So.2d 331 (Fla. 2d DCA 1973).
The major flaw underlying this rationale, however, is that it revives the very problem ostensibly remedied in Hand; that is, the trial court is permitted to invade the province of the jury by making a unilateral determination that a lesser-included offense instruction is unnecessary because there is overwhelming evidence to convict the defendant on the crime charged. In such a situation, whether the judge's failure to instruct properly is deemed harmless error or not error at all is immaterial. In both cases the effect is the same  the trial judge successfully takes an important evidentiary matter from the proper province of the jury.
Our decision in State v. Terry, supra, responds to this problem and firmly reiterates the principle enunciated in Hand v. State. In Terry, the defendant was charged with assault with intent to commit murder in the first degree, but was convicted of aggravated assault. The trial court refused the defendant's request for an instruction on assault and battery and bare assault. This Court found that the trial court's failure to give these instructions constituted prejudicial error even though there was strong evidence that the defendant had committed the offense charged. The Terry decision, presumably based upon the policy concept of "jury pardon," clearly establishes that a trial court will be reversed if it fails to instruct properly on lesser-included offenses. The decision of the Second District Court of Appeal in Lightfoot v. State, supra, rendered subsequent to the instant case, acknowledges the Terry rationale.
The principle enunciated in Terry is equally applicable here. Therefore, we reaffirm that decision and hold that when failure to instruct on a lesser-included offense constitutes error, the harmless error doctrine will not be invoked. Any such failure constitutes prejudicial error and is thus per se reversible.
Any prior appellate decisions conflicting with the principle announced herein are overruled. Petition for certiorari is granted, the decision of the District Court is quashed, and the cause is remanded for further proceedings not inconsistent herewith.
BOYD, ENGLAND and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.