347 So.2d 819 (1977)
Jesus N. ABREAU, Appellant,
v.
STATE of Florida, Appellee.
No. 76-570.
District Court of Appeal of Florida, Third District.
July 6, 1977.
*820 Kogen & Kogan and Geoffrey C. Fleck, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., and Harold E. Rosenfeld, Legal Intern, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution for the offense of assault with intent to commit first degree murder. The defendant was convicted as charged and appeals. We reverse.
The major issue presented for review is whether it is reversible error for a trial court to refuse to instruct a jury upon request by defense counsel as to the lesser offense of assault in a prosecution for assault with intent to commit murder. We hold that assault is a necessarily included offense in the main charge of assault with intent to commit murder and the refusal to give such an assault instruction upon request by defense counsel constitutes reversible error to which the harmless error doctrine is inapplicable. This result is unchanged by: (1) the trial court's view as to the weight of the evidence on the assault charge, providing there is legally sufficient evidence to send the case to the jury on the offense of assault with intent to commit murder; or (2) the defendant's factual theory of the case as presented to the jury absent an express waiver by the defendant of the assault instruction.
The appellant Jesus Abreau, who was the defendant below, was charged by information with the crime of assault with intent to commit first degree murder[1] before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant entered a plea of not guilty and was tried by a jury. At trial, the state established sufficient evidence to send the case to the jury on the main charge of assault with intent to commit first degree murder.
At the conclusion of the evidence, the defendant requested the trial court to instruct the jury on the lesser offense of assault.[2] The trial court denied this request on the ground that the defendant had not disputed the fact that the complainant in this case was assaulted with a deadly weapon and that "at least [the evidence] arises to the dignity of an assault with a deadly weapon." Accordingly, the trial court instructed the jury on the main charge of assault with intent to commit first degree murder and on the lesser offense of assault with a deadly weapon.[3] The defendant was convicted as charged. He was sentenced to fifteen years in the state penitentiary and assessed a $10,000 fine. This appeal follows.

I
The state concedes that it was error for the trial court to deny the defendant's request to instruct the jury on the lesser offense of assault since assault is a necessarily included offense in the main charge of assault with intent to commit first degree murder. State v. Terry, 336 So.2d 65 (Fla. 1976). See Allison v. State, 162 So.2d 922 (Fla. 1st DCA 1964). The trial court was under a mandatory duty to so instruct *821 the jury under Fla.R.Crim.P. 3.510[4] because the burden of proof on the main charge of assault with intent to commit murder cannot be discharged without proving an assault as an essential link in the chain of evidence. As such, assault is a necessarily included offense [a category 3 lesser offense] in the main charge of assault with intent to commit murder under the landmark decision of Brown v. State, 206 So.2d 377, 381-82 (Fla. 1968).
The trial court refused to give the assault instruction because the defendant had not denied that the complainant herein was assaulted with a deadly weapon and the evidence arose, in the court's view, at least to the dignity of an assault with a deadly weapon. The trial court's view that the evidence is not rationally susceptible of a guilty verdict on a necessarily included offense does not excuse the trial court from giving such instruction so long as there is sufficient evidence to send the case to the jury on the main charge. State v. Terry, 336 So.2d 65 (Fla. 1976); Brown v. State, 206 So.2d 377 (Fla. 1968); Hand v. State, 199 So.2d 100 (Fla. 1967). Since there was sufficient evidence herein to send the case to the jury on the main charge of assault with intent to commit murder, the court should have also instructed the jury on the lesser offense of assault.
Moreover, the fact that the defendant did not deny that the complainant was assaulted with a deadly weapon does not change this result. Absent an express waiver by the defendant on the necessarily included offense charge, the defendant's factual theory of the case before the jury cannot excuse a trial court from instructing on necessarily included offenses. We find no such express waiver in this case.

II
The state contends that the defendant's conviction should be affirmed because the conceded error herein is harmless relying on DeLaine v. State, 262 So.2d 655 (Fla. 1972). We disagree. The Florida Supreme Court in Lomax v. State, 345 So.2d 719 (Fla. 1977), receded from DeLaine and its progeny[5] and held as follows:
"[W]e ... hold that when failure to instruct on a lesser-included offense constitutes error, the harmless error doctrine will not be invoked. Any such failure constitutes prejudicial error and is thus per se reversible.
Any prior appellate decisions conflicting with the principle announced herein are overruled." Id. at 721.
The state attempts to distinguish Lomax on the ground that there is still some vitality to the harmless error doctrine as applied to jury instructions on lesser included offenses where, as here, the jury convicts on the main offense and declines to convict on another lesser offense given by the trial court. We cannot agree. Lomax has tolled the death knell of the harmless error doctrine in lesser-offense jury instruction cases. The doctrine cannot be resurrected from the ashes of Lomax in any form.
In all fairness to the trial court, we must observe that the Terry and Lomax decisions were rendered subsequent to the trial in this case. Moreover, the law in this area since DeLaine has hardly been a model of clarity. See Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976). Lomax, however, clarifies the confusing line of cases represented by DeLaine and its progeny by overruling such decisions. A trial judge is now under a mandatory duty to instruct a jury on all lesser offenses required by Fla. R.Crim.P. 3.510, 3.490 as interpreted by *822 Brown v. State, 206 So.2d 377 (Fla. 1968), when requested by either the state or the defense. Failure to give such an instruction upon request of the defense will compel a reversal of any conviction obtained thereafter without regard to the harmless error doctrine.
In view of the result reached herein, it is unnecessary to consider the defendant's other contentions advanced on this appeal. The conviction herein is reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] The defendant was also charged with conspiracy to commit first degree murder, but that charge was apparently abandoned by the state. The information charged that the assault with intent to commit murder was committed on February 10, 1975. The statutes in effect at that time which proscribed assault with intent to commit first degree murder were: § 784.06 Fla. Stat. (1973); § 782.04(1)(a), Fla. Stat. (Supp. 1974). The crime now proscribed by § 784.021(1)(b), Fla. Stat. (1975); § 782.04(1)(a), Fla. Stat. (1975). A prior trial on this charge was held which resulted in a mistrial.
[2] The assault statute in effect at the time of the alleged offense was § 784.02, Fla. Stat. (1973). Assault is now proscribed by § 784.011, Fla. Stat. (1975).
[3] The aggravated assault statute in effect at the time of the alleged offense was § 784.04, Fla. Stat. (1973). Assault with a deadly weapon is now proscribed by § 784.021(1)(a), Fla. Stat. (1975).
[4] "Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant ... of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
[5] Dobbert v. State, 328 So.2d 433 (Fla. 1976); State v. Wilson, 276 So.2d 45 (Fla. 1973); Dean v. State, 265 So.2d 15 (Fla. 1972); State v. Diggs, 336 So.2d 446 (Fla. 4th DCA 1976); Lomax v. State, 322 So.2d 650 (Fla. 2d DCA 1975); Sherman v. State, 307 So.2d 257 (Fla. 2d DCA 1975); Spigner v. State, 304 So.2d 496 (Fla. 1st DCA 1974); Stephens v. State, 279 So.2d 331 (Fla. 2d DCA 1973); Logan v. State, 264 So.2d 461 (Fla. 4th DCA 1972).