PER CURIAM.
Curtis Stevens and Aldrian Cook were charged by information with conspiracy to commit robbery, attempted murder, robbery, and unlawful possession of a firearm while in the commission of a robbery. They pled not guilty and were tried by jury. Cook was found guilty, convicted and sentenced on all four counts. Stevens was found not guilty on the charge of attempted murder, but convicted and sentenced on the remaining three counts. In separate proceedings, an order was entered revoking Stevens’ probation. These three consolidated cases are a direct appeal by Stevens and one by Cook from their judgments of conviction and sentences, and an appeal by Stevens from the order of revocation of probation.
The action arises from the 1975 robbery of a Publix supermarket. The record reflects that shortly after the robbery, the defendants were apprehended following an exchange of gun shots with the police in an *1079 attempt to get away. At trial, the State presented extensive eyewitness testimony linking both defendants to the crimes with which they were charged.
In appeal no. 76-1272, Aldrian Cook raises the point that the trial court erred in denying his request and refusing to instruct the jury on the lesser included offenses of robbery in violation of Rule 3.510, Florida Rules of Criminal Procedure. This point is well taken. The rule provides in pertinent part that upon an information upon which the defendant is to be tried for any offense, the jurors may convict the defendant of any offense which is necessarily included in the offense charged; and “(t)he court shall charge the jury in this regard.” (emphasis added).
In the case of Brown v. State, 206 So.2d 377 (Fla.1968), the Florida Supreme Court set out the four categories of lesser included offenses. The first three categories are (1) crimes divisible into degrees; (2) attempts to commit offenses; and (3) offenses necessarily included in the offense charged. A charge to the jury regarding the lesser offense in these three categories is mandatory. In the fourth category are the offenses which may or may not be included in the offense charged, depending upon the allegations of the accusatory pleading and the evidence.
In its recent decision in the case of Lomax v. State, 345 So.2d 719, 721, the Florida Supreme Court held that,
. . when failure to instruct on a lesser-included offense constitutes error, the harmless error doctrine will not be invoked. Any such failure constitutes prejudicial error and is thus per se reversible.”
Lomax was cited with approval by this court in Abreau v. State, 347 So.2d 819 (Fla.3d DCA 1977), wherein it was held that a trial judge is under a mandatory duty to instruct a jury on all lesser offenses required by Fla.R.Crim.P. 3.510, 3.490 as interpreted by Brown v. State, supra, when requested by either the state or the defense. Failure to give such an instruction upon request of the defense will compel a reversal of any conviction obtained thereafter without regard to the harmless error doctrine. Abreau, supra, 821-822.
As opined in Clark v. State, 301 So.2d 456, 457-458 (Fla.3d DCA 1974), there is a “need for criminal trial judges to apply the mandatory language of Rule 3.510 in a neutral and mechanical manner.” We agree, and find that the trial judge erred in failing to instruct the jury on the lesser included offenses of robbery as requested by Cook’s counsel. See Hand v. State, 199 So.2d 100 (Fla.1967); Miles v. State, 258 So.2d 333 (Fla.3d DCA 1972); State v. Terry, 336 So.2d 65 (Fla.1976). Therefore, we reverse Cook’s conviction and sentence on the robbery count, and remand to the trial court for a new trial on that count.
The remaining points raised by Cook in his brief and amended brief have been carefully reviewed. We find that none of them demonstrates reversible error. The convictions and sentences on the other three counts are affirmed.
We next address case no. 76-733, Stevens’ direct appeal from the judgments of conviction and sentences. He contends that the trial court erred in denying a motion to strike testimony as to an alleged inculpatory statement made by Stevens while in custody. In support of this point, he urges that (1) the prosecutor failed to comply with Rule 3.220, Fla.R.Crim.P., relating to discovery; (2) the court failed to inquire into the circumstances surrounding the prosecutor’s non-compliance, and further failed to determine that no prejudice was caused thereby; and (3) the prosecutor failed to establish any predicate as to the admissibility of the statement, thereby violating defendant’s constitutional rights.
The record reflects that the following colloquy took place during the State’s redirect examination of the arresting officer:
“Q Was Stevens struck by any bullets that you fired?
A I am not sure if he was or wasn’t.
Q How about after he was taken into custody?
A Well, Stevens advised me personally that he was not ...
*1080 STEVENS’ COUNSEL: Objection. There has been no predicate as to this and I move for a sidebar at this time.
THE COURT: Overruled. Sidebar denied.
A Stevens advised me when I had him in the holding cell that he had not been shot by me. I thought that perhaps he fell down when I fired a second shot. He might have been shot but he said he cut his leg going over the fence.” (Emphasis supplied.)
At the conclusion of the officer’s testimony, defense counsel renewed his prior objection to the testimony as to the defendant’s statement on the grounds that the officer stated that Stevens was in custody at the time he made the alleged admission, and that no predicate was laid by the State to establish that Stevens had been informed of his Miranda rights; defense counsel further asserted that the State had never provided the defendant with the oral admission to the officer pursuant to a discovery demand under Rule 3.220(a)(l)(iii), for:
“Any written or recorded statements and the substance of any oral statements made by the Defendant and known to the prosecutor together with the name and address of each witness to the statement.”
Based upon those grounds, Stevens’ counsel moved to strike the admission “from the jury’s mind” as well as “from the record,” and moved for a mistrial which was denied.
In our opinion, under the facts presented in the record of this case, there was no necessity for a predicate to be laid before the officer could testify to the defendant’s statement. The statement that after Stevens was taken into custody, he informed the officer that he had not been shot, but had cut his leg going over the fence, does not carry the import which the defendant claims it does. On direct examination, the officer testified that he observed Stevens driving a car, and he pursued the car in a high speed chase, resulting in Stevens’ car crashing. The officer testified that he then chased Stevens on foot across the expressway, and when Stevens reached the fence, he turned around, looked at the officer and went over the fence, after which the officer lost sight of him. On cross-examination, the officer testified that he could identify Stevens as the person in the car he pursued, and as the same person who was arrested shortly thereafter by another officer. There was no doubt concerning his identification of Stevens. Thus, the significance of Stevens’ statement to the officer that he had not been shot, was that it was relevant to prove that Stevens was the individual going over the fence and at whom the officer shot. This issue, however, was not material, since it was never contested that Stevens was the individual pursued by the officer. In fact, the testimony was elicited because defense counsel first questioned the propriety of the officer’s actions in shooting at the defendant, and whether he was too far away to be hit by a bullet. On redirect, the State was trying to establish that Stevens was not hit by a bullet. The defendant did not deny that he was the person chased by the officer. This statement, then, does no more than identify him as the person who was fleeing the scene, which was not denied. It does not otherwise connect him with the robbery which took place inside the Publix store. We do not deem this to be an inculpatory statement in the context of the evidence presented in this case.
As to the point that the State should have provided the defense with this statement during the course of discovery procedures under Rule 3.220, there is no showing in the record that the State had any knowledge of such a statement prior to the time of the officer’s trial testimony.
Stevens’ second point on appeal is that the court erred in failing to instruct the jury as to the lesser included offenses of robbery. Although this constituted reversible error in the case of co-defendant Cook, it does not mandate reversal for Stevens. The record reflects that counsel for Cook made a request for instructions on the lesser included offenses of robbery, and an objection to the court’s failure to so instruct the jury. The record fails to reflect, how *1081 ever, that counsel for Stevens requested those instructions, or objected to the court’s failure to give them; and further fails to reflect that there was an agreement among the court and counsel for the defendants that an objection raised by one would automatically be adopted by the others. See Williams v. State, 285 So.2d 13 (Fla.1973); McCaskill v. State, 344 So.2d 1276, 1278 (Fla.1977).
The final point raised by Stevens on this appeal is without merit and will not be discussed. Accordingly, Stevens’ convictions and sentences are affirmed.
In the third appeal, case no. 76-540, Stevens seeks review of an order of revocation of probation. The sole point raised on this appeal is that the trial court erred in revoking probation where Stevens received insufficient notice of the alleged violation, and where the revocation was based upon an offense not charged in the affidavit of violation of probation.
The record reflects that Stevens’ counsel did have advance notice that the alleged probation violation consisted of the same robbery of the Publix market charged in the information. At the time of the probation revocation hearing, the prosecutor stated that Stevens’ counsel had been notified “as to what the probation violation would consist of, and that being the Publix robbery case.” The trial court decided to proceed with the hearing. Defense counsel did not allege that he was unprepared for the revocation hearing.
The allegation that the revocation was based upon an offense not charged in the affidavit, stems from the fact that the affidavit of violation contains an incorrect street number for the Publix which was robbed. We find that this is not a fatal variance since Stevens had actual notice of the correct address, and the record fails to reveal a possibility that he was embarrassed or misled in the preparation or presentation of his defense. See Fitzgerald v. State, 227 So.2d 45 (Fla.3d DCA 1969); Sharp v. State, 328 So.2d 503 (Fla.3d DCA 1976); Rule 3.140(o), Fla.R.Crim.P. The defendant was not denied the minimal criterion of due process guaranteed by law in probation revocation proceedings. See McNeely v. State, 186 So.2d 520 (Fla.2d DCA 1966); Holmes v. State, 311 So.2d 780 (Fla.3d DCA 1975).
Therefore, Stevens’ convictions and sentences are affirmed. Stevens’ appeal from the order of revocation of probation is affirmed. Cook’s convictions and sentences are affirmed in part, and reversed in part and remanded.
It is so ordered.