DAKAN, STEPHEN L., Associate Judge.
Appellant seeks to overturn his conviction and sentence for robbery and carrying a firearm in the commission of the robbery. He has raised several points on appeal, only one of which we find has merit.
The theory of the State’s case against Appellant was that he was a principal or “aider and abettor” in the crime. He requested the court to instruct the jury as to the lesser offenses of aggravated assault and assault. The trial court refused to give those requested instructions, but did instruct the jury as to the included offenses of attempted armed robbery, robbery, grand larceny and petit larceny.
There is no question that the offenses of aggravated assault and assault are lesser-included offenses of the main charge. The Appellee contends failure to give instructions as to these offenses is harmless error. In the recent case of Lomax v. State, 345 So.2d 719 (Fla.1977), the Supreme Court of Florida held that when failure to instruct on a lesser-included offense constitutes error, the harmless error doctrine cannot be invoked. This decision had not been rendered at the time of trial.
We find no legal significance in the fact that Appellant was charged as a principal. Since the failure to instruct the jury on the offenses of aggravated assault and assault was error, we reverse on the authority of Lomax v. State, supra.
Reversed for a new trial in accordance with this opinion.
ANSTEAD and LETTS, JJ., concur.