PER CURIAM.
The appellant was found guilty by a jury of robbery with a weapon, was adjudged guilty and was sentenced to thirty years in prison. This appeal is from the judgment and sentence. We hold that the conviction must be reversed and the cause remanded for a new trial under this court’s holding in Abreau v. State, 347 So.2d 819 (Fla. 3d DCA 1977), which was, in turn, based upon Lomax v. State, 345 So.2d 719 (Fla.1977). Although the evidence of defendant’s guilt appears to be overwhelming, reversible error under Lomax arises from the fact that defendant was tried upon a charge of robbery with a firearm and the court refused to instruct upon the lesser-included offense of simple assault. The court did charge upon the lesser-included offenses of robbery with any weapon, robbery without a weapon, attempted robbery, grand larceny, petty larceny and aggravated assault. The jury returned a verdict of guilty of the lesser-included offense of robbery with a weapon. Under the reasoning advanced by several courts prior to the Florida Supreme Court decision in the Lomax case[1], this failure to instruct in simple assault would not have been reversible error. Nevertheless, as pointed out by our opinion in Abreau, supra, reversible error appears under the Florida Supreme Court decision in Lomax v. State, supra.
Reversed and remanded for a new trial.

. Dobbert v. State, 328 So.2d 433 (Fla.1976); DeLaine v. State, 262 So.2d 655 (Fla.1972); and Spigner v. State, 304 So.2d 496 (Fla. 1st DCA 1974). See also Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976).