363 So.2d 1063 (1978)
STATE of Florida, Petitioner,
v.
Jesus N. ABREAU, Respondent.
No. 52064.
Supreme Court of Florida.
May 26, 1978.
Rehearing Denied November 28, 1978.
*1064 Robert L. Shevin, Atty. Gen., Tallahassee, and Arthur Joel Berger, Asst. Atty. Gen., Miami, for petitioner.
Geoffrey C. Fleck of Kogen & Kogan, Miami, for respondent.
PER CURIAM.
By petition for a writ of certiorari, we are asked to review a decision of the Third District Court of Appeal, reported at 347 So.2d 819, which conflicts with DeLaine v. State, 262 So.2d 655 (Fla. 1972). We have jurisdiction, and we dispense with oral argument and with briefs on the merits.[1] The decision below was grounded on the District Court's belief that this Court in Lomax v. State, 345 So.2d 719 (Fla. 1977), "receded from DeLaine and its progeny."[2] We did not, and for that reason must quash the decision below.
For the purpose of clarification, we note that Lomax involved a trial court's failure to give a requested instruction on a lesser-included offense that was only one step removed from the offense charged, while in DeLaine, as in the present case, the trial judge gave instructions on the next immediate lesser-included offense but refused to instruct the jury on an offense two steps removed. The significance of that distinction is more than merely a matter of number or degree, since in the latter situation, unlike the former, the jury is given a fair opportunity to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime. For example, if a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed) and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless. If, however, the jury only receives instructions on "A" and "C" and returns a conviction on "A", the error cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have "pardoned" the defendant to the extent of convicting him on "B" (although it may have been unwilling to make the two-step leap downward to "C").
Thus, to the extent that the broad language employed in Lomax intimates that the harmless error doctrine cannot be invoked whenever there has been a failure to instruct on any lesser-included offense, it is disapproved. Only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible. Where the omitted instruction relates to an offense two or more steps removed, DeLaine continues to have vitality, and reviewing courts may properly find such error to be harmless.
The writ of certiorari is hereby issued, and the decision of the Third District Court of Appeal is quashed.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Fla.App.R. 3.10(e).
[2] 347 So.2d at 821.