PER CURIAM.
This is an appeal from a summary denial of a motion to vacate, pursuant to F.R.Cr.P. 3.850.
The petition alleged incompetence of counsel, as evidenced by trial counsel’s failure to object to the trial court’s failure to charge the jury as to the crimes of assault with intent to commit robbery and robbery with a weapon as lesser offenses to the charges of robbery, unlawful possession of a firearm while engaged in a criminal offense, and unlawful possession of a firearm by a convicted felon, when the trial court had in fact agreed to give said charges.
Clearly, the failure to instruct on the lesser included offense of assault with intent to commit robbery would constitute reversible error under the holding in Lomax v. State, 345 So.2d 719 (Fla.1977), if raised on direct appeal. However, in the instant case, that point is not before us in that posture. The claim here is that counsel was ineffective because of a failure to object to the failure to charge the jury on this point. In order to determine competency of counsel based upon his alleged failure to act, it is necessary to look at the circumstances surrounding that alleged failure.
In examining the entire jury charge, it clearly appears that the trial court did, in fact, charge the jury as to the crime of *754 robbery with a weapon. As to the failure of the trial court to charge the jury on the crime of assault with intent to commit robbery, the record shows that the trial court charged the jury as to aggravated assault, a facet thereof being assault with intent to commit robbery. Therefore, considering the charges as a whole, the appellant has failed to show wherein he was prejudiced by counsel’s failure to act which must be shown to sustain the allegation of ineffective assistance of counsel. Meeks v. State, 382 So.2d 673 (Fla.1980).
The allegations of appellant’s petition to vacate being refuted on the face of the record, the order of the trial court summarily denying the motion be and it is hereby affirmed.
Affirmed.