HERSEY, Judge.
Vernon Stephens appeals his conviction of first degree burglary and robbery.
Other than the erroneous assessment of costs to an indigent defendant, only one of appellant’s points on appeal requires analysis. There is no merit in the attack on identification procedures and identification testimony nor in appellant’s contention that his conviction on both of the two crimes charged constitutes double jeopardy.
Appellant requested a jury instruction on the crime of assault as a lesser included offense of the charge that appellant did “unlawfully enter or remain in a conveyance, to wit: a 1978 Datsun, property of Frances Evelyn Wood, with intent to commit the offense of Robbery therein, and in the course thereof did make an assault upon Frances Evelyn Wood.” The instruction was also requested on the basis that “assault is mentioned in the main charge.” The court denied appellant’s request, but gave the standard jury instruction on simple burglary followed by a charge on the aggravating circumstances of committing an assault while in the premises. However, the court never defined assault. This was error.
If assault was only a lesser included offense of the crime charged, the error would be harmless since the jury was instructed as to the next immediate lesser included offense, simple burglary, but chose to convict appellant as charged. State v. Abreau, 363 So.2d 1063 (Fla.1978). Assault, however, is more than a lesser included offense here; it is an essential element of “burglary of a premises and while therein committing an assault.” See Florida Standard Jury Instructions in Criminal Cases, 1981 Edition. Therefore, a definition of the term “assault” is a necessary part of the jury instruction concerning the crime with which appellant was charged. Failure to give such an instruction was reversible error.
Accordingly, appellant’s conviction is reversed and the cause remanded for a new trial.
ANSTEAD and GLICKSTEIN, JJ., concur.