WOLF, J.,
concurring.
The majority opinion mandates that appellant receive a new trial because the harmless error rule cannot be applied where the trial court fails to instruct the jury on the next lesser included offense from the offense for which the defendant was convicted. The opinion correctly concludes that the harmless error analysis of State v. Abreau, 363 So.2d 1063 (Fla.1978), is inapplicable in this case because the offense is only one step removed from the primary offense. The rationale for not applying the harmless error test in this situation is that it deprives the defendant of the right to a jury pardon.
Although regularly criticized, the concept of a “jury pardon” seems to remain firmly entrenched in Florida law, at least insofar as it relates to determining whether an error is per se reversible on direct appeal. In Sanders v. State, 946 So.2d 953, 958 (Fla.2006), which held that a post-conviction claim that trial counsel was ineffective for failing to request an instruction on a necessarily lesser included offense was subject to summary dismissal because the defendant could not establish prejudice, the court nonetheless noted that:
[Djespite their suspect pedigree, jury pardons have become a recognized part of the system; so much so that, in direct appeals, “[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.” Reddick, 394 So.2d [417] at 418. Such a standard is appropriate on direct review because “it would be difficult for an appellate court to conclude beyond a reasonable doubt that a jury in a particular case, given the opportunity, would not disobey the law and grant a pardon.” Sanders, 847 So.2d [504] at 507 (quoting Hill, 788 So.2d [315] at 319).
*5 Accordingly, I am constrained to agree with the majority concerning the result in this case. In my opinion, however, in light of Galindez v. State, 955 So.2d 517 (Fla.2007), the failure to instruct on the lesser included offense should be harmless where no reasonable jury could have returned a verdict for the lesser included offense. I would, therefore, certify the following question as one of great public importance:
BASED ON THE REASONING OF GALINDEZ V. STATE, 955 So.2d 517 (Fla.2007), MAY A COURT FIND THAT THE FAILURE TO INSTRUCT THE JURY ON THE NEXT LESSER INCLUDED OFFENSE CONSTITUTES HARMLESS ERROR WHERE NO REASONABLE JURY COULD HAVE RETURNED A VERDICT FOR THE LESSER OFFENSE?
My question differs from the majority’s as I recognize that this is a case where no reasonable jury could have found the defendant guilty of simple battery.[2] This is, therefore, the classic case to recede from the ill-advised holding of Abreau.
Appellant was found guilty of sexual battery on a victim under 12 (capital sexual battery). He now claims his appellate counsel was ineffective for failing to assert that the trial court erred by not instructing the jury on simple battery. The undisputed facts show that appellant repeatedly molested his girlfriend’s two daughters by fondling and putting his fingers into their vaginas. Appellant gave an inane version of these events, saying he was inspecting the girls’ breasts and vaginas for breast cancer and to determine if they were virgins. Appellant admitted to the police that he conducted numerous inspections. The mother testified that she never gave appellant the right to conduct these inspections. No reasonable jury would have issued a jury pardon in this case and returned a verdict of simple battery.
This case demonstrates the very folly in having an inflexible per se reversible error rule and not allowing courts to consider the circumstances of a particular case to determine whether harmful error occurred.
The Florida Supreme Court has begun to recede from the per se reversible error doctrine in other circumstances. See State v. Schopp, 653 So.2d 1016 (Fla.1995) (Richardson discovery violations are no longer per se reversible). The Schopp decision reflects a recognition that the mere fact that it may be difficult to determine if error is harmless in certain circumstances does not justify a reversal (with all its implications, including lost witnesses, unnecessary trauma for victims, and additional burdens on an overburdened judicial system) where it can be determined, beyond a reasonable doubt, that the error did not affect the outcome of the case.
Recently, in Galindez, 955 So.2d at 517, the supreme court determined that violations of the Apprendi and Blakely doctrines were subject to the harmless error analysis. Specifically, the court found any error in the trial court’s failure to allow a jury to make a determination concerning victim injury points for penetration was harmless where no reasonable jury would have returned a verdict finding there was no penetration of the victims. Id. at 524. In Galindez, 955 So.2d at 523, the supreme court cited to Delvalle v. State, 653 So.2d 1078, 1079 (Fla. 5th DCA 1995), where the Fifth District held that an error regarding a lesser included offense which deprived the defendant of a jury pardon could be harmless because, given the evidence at trial, it was inconceivable that any rational *6 jury could have returned a verdict finding that there was no firearm involved in the commission of the charged offenses. While Delvalle involves a slightly different set of circumstances, it indicates a willingness to apply the harmless error doctrine to a somewhat similar set of circumstances.
If a harmless error analysis can be applied to the failure to allow a jury to determine whether penetration took place in Galindez, there appears to be no rational basis for not allowing the same analysis to take place in the instant case.
Further, while it is my belief that no rational jury could have returned a verdict of simple battery in this case and this should allow us to affirm, I am cognizant of precedent and would ask the Florida Supreme Court to readdress this important issue.

. The supreme court appears comfortable with this standard. See Galindez, 955 So.2d at 523, 524; see also Johnson v. State, 994 So.2d 960 (Fla. 2008).