ALTENBERND, Judge.
Samuel Collier appeals his judgment and sentence for aggravated assault with a deadly weapon. He argues that the trial court erred in refusing his request for an instruction on the next lesser offense of improper exhibition of a dangerous weapon. The State argues that the allegations of the information were insufficient to warrant this instruction. We agree with Mr. Collier’s argument and accordingly reverse and remand for a new trial.
Mr. Collier was seventy-four years old when he got into a domestic disagreement with his wife. It is undisputed that he picked up a wooden chair from the dining room table and hit it hard enough on the table to break the chair. His wife testified that he came at her with the chair and that the chair hit only the table because she moved. Mr. Collier maintained that his wife was not close to the table when he did this and that he was not threatening her.
The State charged Mr. Collier with aggravated assault with a deadly weapon pursuant to section 784.021(l)(a), Florida Statutes (2012). The information alleged:
[0]n the 6th day of September, 2012, ... [Mr. Collier] did intentionally and unlawfully threaten by word or act to do violence to ... [his wife], coupled with an apparent ability to do so, and did an act creating a well-founded fear in ... [his wife] that such violence was imminent, and in so doing did use a deadly weapon, to wit: a chair, without intent to kill [his wife].
During the jury instruction conference, Mr. Collier requested an instruction on improper exhibition of a dangerous weapon pursuant to section 790.10, Florida Statutes (2012). That statute makes it an offense for any person who has or carries “any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon ... in the presence of one or more persons” to “exhibit the [weapon] in a ... threatening manner.” The definition of “weapon” for purposes of section 790.10 is located in section 790.001(13). A chair, of course, is not specifically listed as a weapon in that definition. Thus, for a chair to be a “weapon” under section 790.10, it must be an “other deadly weapon.” To be a deadly weapon, a chair must be “used or threatened to be used in a way likely to cause death or great bodily harm.” See Fla. Std. Jury Instr. (Crim.) 8.2.; see also D.B.B. v. State, 997 So.2d 484, 485 (Fla. 2d DCA 2008). In the trial court, the State argued that because a chair must be used as a weapon to be a weapon, it was not appropriate to give this lesser instruction. The trial court did not give the instruction, and Mr. Collier was convicted as charged.
On first examination, the State’s argument below seems somewhat logical to this court. But the chair could have been used by Mr. Collier as a deadly weapon for purposes of exhibiting it as a deadly weapon without necessarily committing the more serious offense of aggravated assault. That is, he could have threatened to use the chair in a way likely to cause death or great bodily harm without creating a well-founded fear in his wife that violence was in fact imminent. See Ease v. State, 581 *965 So.2d 612, 612 (Fla. 1st DCA 1991) (explaining that unlike improper exhibition of a weapon, aggravated assault requires that the defendant create in the mind of the victim a well-founded fear that violence is about to take place).
On appeal, the State argues only that the allegations of the information did not justify the giving of this instruction. It relies on Phillips v. State, 874 So.2d 705 (Fla. 1st DCA 2004), in which the First District held that an information alleging aggravated battery with a deadly weapon did not contain sufficient allegations of the elements of improper exhibition to warrant the giving of this instruction on a lesser offense. Á battery, of course, can occur without a threat and without any fear on the part of the victim.
This court has previously held that improper exhibition can be a lesser offense of aggravated assault in a case involving a knife. See Christ v. State, 104 So.3d 1262 (Fla. 2d DCA 2013). In section 790.001(13), a “knife” is a specifically listed “weapon” and, thus, does not need to qualify as an “other deadly weapon” under that section to be an “other weapon” for purposes of improper exhibition under section 790.10. We are unconvinced that this fact changes the analysis in this case. Here, as in Christ, the State employed the standard allegations for aggravated assault and alleged that Mr. Collier did “unlawfully threaten by word or act to do violence” to his wife, “coupled with an apparent ability to do so, and did an act creating a well-founded fear in ... [his wife] that such violence was imminent, and in so doing did use a deadly weapon, to wit: a chair.” We conclude that these allegations are sufficient to warrant the giving of this lesser instruction.[1]
We cannot conclude that the failure to give this instruction was harmless. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).[2] The close issue in this case was whether the wife experienced fear that was well-founded. The lesser-included instruction would have allowed Mr. Collier’s attorney to argue, and the jury to find, that the chair was exhibited as a weapon when Mr. Collier hit it on the table, but that the striking of the table was not an aggravated assault. Because this issue is dispositive, it is unnecessary to address the remaining issues Mr. Collier raises on appeal. Accordingly, we reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.
SILBERMAN and KELLY, JJ., Concur.

. As a practical matter, our holding will have little precedential value. While this case was pending oh appeal, the Florida Supreme Court amended the standard jury instruction, designating improper exhibition of a dangerous weapon as a category one, necessarily lesser-included instruction rather than a category two, permissive lesser-included instruction. In re Standard Jury Instr. in Crim. Cases, 131 So.3d 755 (Fla.2013). Thus, the wording of the information will no longer be a factor in deciding whether to give this lesser instruction. See Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005) (citing State v. Abreau, 363 So.2d 1063 (Fla.1978), and explaining that the ‘‘[fjailure to give a requested instruction on a category one lesser-included offense when it is only one step removed from the offense charged is per se reversible error not subject to harmless error analysis”).

. Mr. Collier urges this court to apply the per se rule announced in Abreau due to the recent amendment of the instruction by the supreme court. Because this case can be resolved under the harmless error test from DiGuilio, we have no reason to employ the stricter test in Abreau.