433 So.2d 1290 (1983)
James WHEAT, Appellant,
v.
STATE of Florida, Appellee.
No. AN-457.
District Court of Appeal of Florida, First District.
June 30, 1983.
Rehearing Denied July 29, 1983.
*1291 Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Wheat appeals his conviction for the offense of robbery with a deadly weapon, urging that the trial court erred in refusing to give requested jury instructions on the lesser included offenses of robbery with a weapon, robbery without a weapon, and petit theft. We agree with his position, reverse the conviction, and remand the case for new trial.
In declining to give the requested instructions, the trial court explained that there was no evidence to support an instruction on any crime other than that charged. The state argues that the lower court's decision was justified, as the court was not obliged to "instruct on any lesser included offense as to which there is no evidence." Fla.R.Crim.P. 3.510(b). What the state and the lower court have apparently overlooked, however, is that in any case in which there is sufficient proof of the greater offense to go to the jury, there is inescapably proof of a lesser offense which is necessarily included within the offense charged. This conclusion is self-evident from a reading of the Florida Supreme Court's seminal decision on lesser included offenses in Brown v. State, 206 So.2d 377 (Fla. 1968).
The facts recited in Brown reveal that the trial judge, whose order was there reviewed, fell into the same error as the court below by ruling that there was no proof to support a requested instruction that larceny was a lesser included offense to the charged offense of robbery. In reversing the conviction, the supreme court explained that any lesser offense which is an essential aspect of the major offense is a necessarily included offense because "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." Id. at 382. Thus, "in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny." Id.
In holding that an instruction was required as to lesser offenses necessarily included within the greater offense, the Brown court based its decision largely upon the provisions of Section 919.16, Florida Statutes (1965), which then mandated an instruction on "any offense which is necessarily included in the offense charged." In the court's view, the statute grants to the jury  not the judge  the discretion to convict a defendant of a necessarily lesser included offense, notwithstanding that the evidence is so strong as to satisfy the judge that the greater offense was committed.
Section 919.16 was subsequently repealed by Chapter 70-339, § 180, Laws of Florida. Nevertheless, the requirement that the trial judge instruct the jury on necessarily lesser offenses was imposed in rule-form by the Florida Supreme Court's adoption of Florida Rule of Criminal Procedure 1.510 (later renumbered 3.510), which went into effect January 1, 1968. See In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla. 1967). The rule was amended, effective October 1, 1981, see In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981), by deleting the provision that the trial court charge the jury on any offense involving either attempts or necessarily included offenses within the offense charged. The rule's amendment does not, however, absolve the trial judge from his duty to instruct on necessarily lesser included offenses. The stated purpose of the amendment to Rule 3.510 was simply to make it consistent with the newly adopted schedule *1292 of lesser included offenses which also went into effect on October 1, 1981. See In The Matter of The Use of Standard Jury Instructions, 431 So.2d 594, 597 (Fla. 1981). In its order, the court observed that Rule 3.510 and its predecessor statute had been interpreted in Brown and in later cases to require instructions on attempts and on all lesser degrees of an offense, despite the absence of any evidence supporting the charges. Id. at 597. Attempting to remedy the confusion which had attended those opinions, the court requested the committee on standard jury instructions in criminal cases to recommend a table of lesser included offenses, as well as modifications of the pertinent rules. While approving the recommended schedule of lesser included offenses, the court admonished that it did "not view these changes as invasions by the trial judge into the province of the jury... ." It further observed that the approved changes "will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense." Id. at 597 (e.s.).
Thus, it clearly appears from the above comments that a trial judge is required to give instructions to the jury on all necessarily included lesser offenses to that charged, regardless of the degree of proof supporting the conviction for the higher offense. Indeed, the jury pardon concept, approved in Brown, of allowing all necessarily included offenses to go to the jury, has been reiterated and endorsed by many later opinions of the Florida Supreme Court, including State v. Terry, 336 So.2d 65 (Fla. 1976); Lomax v. State, 345 So.2d 719 (Fla. 1977); State v. Abreau, 363 So.2d 1063 (Fla. 1978), and, most recently, State v. Bruns, 429 So.2d 307 (Fla., 1983). Bruns, relying on Lomax, stated: "Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary matter exclusively within the province of the jury... . Fundamental trial fairness requires that a defendant being tried for robbery should be permitted to have an instruction on a lesser-included offense upon timely request." 429 So.2d at 309-10.
In determining whether to give an instruction on a requested lesser offense, a trial judge should carefully consult the schedule of lesser included offenses contained in the Florida Standard Jury Instructions in Criminal Cases. The schedule is "designed to be as complete a listing as possible for each criminal offense of the possible category 3 [the category in which Brown placed necessarily included offenses] and category 4 lesser included offenses, ... ." Id. at 597. It is, moreover, "an authoritative compilation upon which a trial judge should be able to confidently rely." Id. at 597. Offenses necessarily included in the offense charged were regrouped in the schedule as category-one offenses, a category which will also include some lesser degrees of offenses. Id. at 597. For the charged offense of robbery, the schedule lists under category one petit theft, and refers to the committee's note on enhancement. Without question an instruction on petit theft should have been given to the jury in the case below as an offense necessarily lesser included to that of robbery. The continuing vitality of the Brown rule is unchanged: It is impossible to prove robbery without proof of larceny.
In regard to the schedule's reference to the committee's notes on enhancement, comment number five states that statutes providing for an enhanced penalty for certain crimes require, under such circumstances, an instruction on lesser statutory degrees of the offense. We also find in the comment a reinforcement of the jury pardon concept: "[I]f a defendant is charged with first degree burglary by virtue of having made an assault during the course of the burglary, the jury should be permitted to return a verdict for simple third degree burglary without the enhancement of the assault." See Florida Standard Jury Instructions in Criminal Cases, page 257a (2d ed.). Since robbery with a firearm or other deadly weapon is a first degree felony which carries an enhanced sentence of life *1293 imprisonment, see section 812.13(2)(a), Florida Statutes, then the lesser degrees provided for under section 812.13 must be considered necessarily included offenses to the offense charged, regardless of the extent of evidence supporting the greater offense. See Reddick v. State, 394 So.2d 417 (Fla. 1981) (robbery with a weapon is a necessarily included offense to robbery with a deadly weapon despite the fact that the evidence submitted at trial clearly demonstrated that the robbery was committed with a firearm).
In that all the requested instructions involved lesser offenses necessarily included within the offense charged, the lower court was required to honor the requests, and because no instruction on any requested lesser included offense was given, the "two-step removed" harmless error rule announced in DeLaine v. State, 262 So.2d 655 (Fla. 1972), is inapplicable.
Reversed and remanded for new trial.
WIGGINTON, J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I dissent. I would affirm the conviction for the offense of robbery with a deadly weapon.
The only evidence adduced in this case is that the appellant was guilty of the offense of robbery with a deadly weapon. Therefore, there is no basis for a jury instruction on lesser included offenses even if these lesser included offenses must necessarily have been proved in order to prove the offense of robbery with a deadly weapon. Even if there had been overwhelming evidence of guilt of robbery with a deadly weapon, a jury instruction on lesser included offenses must have been given if there was any evidence that the offense committed was other than robbery with a deadly weapon. However, if the only evidence is that the offense committed was robbery with a deadly weapon then there is no basis or necessity for giving a jury instruction on the lesser included offenses. In State v. Bruns, 429 So.2d 307, 308 (Fla. 1983), the Florida Supreme Court answered the following question in the negative:
If a defendant is convicted by overwhelming evidence of a greater offense, and the jury is instructed on an attempt to commit that offense, is the failure to instruct on the next lesser included offense, which carries a penalty less than the attempt, harmless error under State v. Abreau, 363 So.2d 1063 (Fla. 1978)? (emphasis added).
Bruns is inapplicable here because in Bruns there was some evidence of a lesser included offense and there is no such evidence in the instant case.
Similarly, it is not error to refuse to give a charge on attempt when the only evidence in the case reveals a consummated crime. See Boston v. State, 411 So.2d 1345 (Fla. 1st DCA), pet. for rev. den., 418 So.2d 1278 (Fla. 1982); Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981). If there was any evidence whatsoever that the crime was not consummated then it would be error to refuse to give a jury instruction on attempt.
If that portion of Fla.R.Crim.P. 3.510 stating "[t]he judge shall not instruct on any lesser included offense as to which there is no evidence" is to be given any meaning at all, then it should not be reversible error for the trial judge to refuse to give a jury instruction on any offense which, as a matter of law, is a necessarily lesser included offense of the offense charged in the indictment when the only evidence adduced is that the defendant committed the crime charged.