448 So.2d 1239 (1984)
David Wayne FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1369.
District Court of Appeal of Florida, Fifth District.
April 26, 1984.
Dan R. Warren of Judge & Warren, P.A., Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
David Wayne Foster appeals from his conviction for aggravated battery. The question presented is whether the trial court, upon request, was required to instruct the jury on the lesser included charge of battery.
In State v. Abreau, 363 So.2d 1063 (Fla. 1978), the supreme court stated that the failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible. See also State v. Bruns, 429 So.2d 307 (Fla. 1983). Battery, as a necessarily lesser included offense of aggravated battery, is one step removed. See Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases. Therefore, the court committed reversible error in denying the requested instruction.
The state's argument that under Florida Rule of Criminal Procedure 3.510(b), the court was not required to instruct on battery ("the judge shall not instruct on any lesser included offense as to which there is no evidence"), because all the evidence pointed to an aggravated battery and not a simple battery, is answered in Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983).
REVERSED and REMANDED for new trial.
DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Because of ambiguity in the last sentence in Florida Rule of Criminal Procedure *1240 3.510(b) ("The judge shall not instruct on any lesser included offense as to which there is no evidence."), the dissent of Judge Thompson in Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), raises a genuine question as to whether the majority opinion in Wheat is necessarily correct. Just because in legal theory the essential constituent elements of a greater offense necessarily ("inescapably") include all of the essential constituent elements of every necessarily lesser included offense may not mean, as the majority in Wheat holds, that, as a practical matter, evidence of a greater offense always constitutes evidence of a necessarily lesser included offense. If, by creating a separate, more specific, offense, such as a battery with a deadly weapon (§ 784.045(1)(b), Fla. Stat.), the legislature intended to carve that more specific offense out of a more general offense, such as simple battery (§ 784.03(1), Fla. Stat.) and intended that the two statutes be read in pari materia and to be mutually exclusive so that a person who commits the more specific act is to be found guilty of the more specific offense and not guilty of the more general offense, which would have been applicable in the absence of the more specific offense, then, as a practical matter, the evidence at trial can be contrasted as relating either to the greater more specific offense or to the lesser more general offense, or, perhaps under the facts of a particular case, as sufficient to support either offense. If the intent of the legislature is thus construed, then it could be that, notwithstanding the substantive sameness of the two offenses, evidence that supports the greater more specific offense might not necessarily support the residual or more general offense. For example, if there is no evidence to support a lesser offense, such as a battery without a deadly weapon and the only evidence proves the greater offense, such as a battery with a deadly weapon, perhaps the last sentence in Rule 3.510(b) would apply. If the only evidence is that the defendant committed a battery with a deadly weapon can it really be said that there is any evidence that he committed battery without using a deadly weapon?
Compare the last sentence in Rule 3.510(a) that reads: "The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense." If an attempt to commit an offense is itself an offense it is almost universally agreed that such attempt offense is a lesser included offense of the greater, completed offense. The reasoning in Wheat, if applied to attempts, would result in a conclusion that in any case in which there is sufficient proof of the completed offense to go to the jury, there would "inescapably" be sufficient proof of the attempt to require the attempt offense to go to the jury as a lesser included offense of the greater, completed offense. Thus, a conclusion based on the reasoning in Wheat would be contrary to the explicit language in the last sentence in Rule 3.510(a). The last sentence in Rule 3.510(b) is ambiguous and could be construed in the manner that Rule 3.510(a) more clearly reads in an analogous situation. The last sentence in Rule 3.510(b) should be revised to make its meaning and application so clear and distinct as to remove the ambiguity made apparent by Wheat and this case.