456 So.2d 513 (1984)
Ronnie Wayne CANNON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-24.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Cannon was charged with two counts of armed robbery[1] (Counts I and II); one count of attempted first degree murder[2] (Count III); and one count of aggravated assault[3] (Count IV). He was convicted as charged on Counts I and II (armed robbery) and on Count IV (aggravated assault), and was convicted of attempted aggravated assault on Count III, the attempted murder charge. He appeals his convictions and sentences.
The trial judge imposed fifteen and ten year sentences, respectively, for the armed robbery counts, and consecutive three year mandatory minimum sentences for possession of a firearm for each of the two robbery counts.[4] Cannon argues that the consecutive imposition of the three year mandatory minimum sentence was erroneous. We agree in this case, because the two armed robberies occurred during the same criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983). The trial judge did not have the benefit of that case at the *514 time of sentencing, however, and so we vacate the robbery sentences and remand for resentencing in light of Palmer.
Cannon also argues that his conviction for aggravated assault (Count IV) should be reversed and a new trial held because the trial judge refused to instruct the jury on simple assault.[5] Cannon was charged in the information with assault on one Eric Olsen with a deadly weapon,
not having any intent to kill, and in the commission of said offense did use and possess a firearm to wit: a revolver.
Because simple assault is listed as a Category I, or a necessarily included offense of aggravated assault in the schedule of lesser included offenses in the Florida Standard Jury Instructions,[6] Cannon urges that it was prejudicial error not to give his requested instruction on simple assault, relying on State v. Abreau, 363 So.2d 1063 (Fla. 1978); Lomax v. State, 345 So.2d 719 (Fla. 1977), and Brown v. State, 206 So.2d 377 (Fla. 1968). The judge instructed the jury on attempted aggravated assault, but attempts do not provide a "step" between the greater offense charged and the next lesser one. State v. Bruns, 429 So.2d 307 (Fla. 1983).
As a necessarily lesser included offense, the crime of simple assault is one step removed from the greater crime of aggravated assault. Our supreme court has declared it to be reversible error for a trial court to refuse to instruct on a lesser included offense one step removed from the crime for which a defendant is convicted. Such instruction is required, so that
... the jury is given a fair opportunity to exercise its "pardon" power by returning a verdict of guilty as to the next lower crime.
State v. Abreau, 363 So.2d 1063. The necessity for giving instructions on necessarily lesser included offenses so as to afford the jury the opportunity to exercise its pardon power has been asserted by the supreme court as recently as State v. Baker, 456 So.2d 419 (Fla. 1984).
Admittedly, simple assault is a necessarily lesser included offense of aggravated assault.[7] The supreme court has held that the giving of the "attempt" instruction does not satisfy the requirement to charge on the next lower lesser included offense. State v. Bruns, 429 So.2d 307 (Fla. 1983). The question then is whether revised Fla.R.Crim.P. 3.510[8] dispenses with the need to instruct on a necessarily lesser included offense, because, as the dissenting opinion suggests, there appears to be no evidence that the lesser offense was committed. There is nothing in the rule or in the opinion of the supreme court adopting the rule which suggests the view offered by the dissent.
*515 A necessarily lesser included offense is always proved when the higher offense is proved. Put another way, it is necessary to prove the lesser in order to prove the greater. Brown v. State, 206 So.2d 377 (Fla. 1968). Thus by definition, there is always evidence of this lesser offense when there is evidence to support the greater. We so held in Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984), where we reversed a conviction for aggravated battery because of the trial court's refusal to instruct on the necessarily lesser included (one step removed) crime of battery.
In adopting the new schedule of lesser included offenses, the supreme court commented on revised rule 3.510, and indicated that the revised rule would "eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense." In the Matter of The Use of Standard Jury Instructions, 431 So.2d 594, 597 (Fla. 1981) (Emphasis supplied). This view is correctly recognized in Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), where the court observed that
... in any case in which there is sufficient proof of the greater offense to go to the jury there is inescapably proof of a lesser offense which is necessarily included within the offense charged.
Id. at 1291. This principle is also recognized in Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983) where the court interpreted revised rule 3.510 to not require instruction on a lesser included offense "that is not a necessarily lesser included offense of the crime charged." Id. at 10. But cf., Watson v. State, 439 So.2d 1050 (Fla. 2d DCA 1983).
Because the trial court refused to instruct on a necessarily lesser included offense one step removed from the crime for which defendant was convicted (Count IV, aggravated assault) that conviction is reversed and is remanded for a new trial. Except as to the sentences on the robbery counts for which remand has been ordered, the remaining convictions and sentences are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents in part and concurs in part with opinion.
SHARP, Judge, concurring in part; dissenting in part.
I agree Palmer v. State, 438 So.2d 1 (Fla. 1983) mandates resentencing for the robbery convictions. However, I would affirm his conviction for aggravated assault because it was not reversible error on the trial judge's part not to give Cannon's requested instruction on simple assault.
In this case there was no evidence sufficient to support a conviction for simple assault. Had Cannon been convicted of simple assault, he would have been entitled to ask us to overturn his conviction for lack of evidence. See Coppolino v. State, 223 So.2d 68 (Fla. 2d DCA 1968), appeal dismissed, 234 So.2d 120 (Fla. 1969), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 794 (1970). This is a logical dilemma trial courts and appellate courts should not find themselves in, unless mandated by our supreme court.
The testimony at the trial established that Cannon robbed two women at gunpoint in a commendably alert residential neighborhood. Two men in a passing car stopped and gave chase. A jogger ran after Cannon from a different direction. Olsen, who was backing out of a driveway, also joined in the pursuit. During the chase, Cannon fired twice at his pursuers. Those acts formed the basis for the charge of attempted murder in Count III of the information and for the conviction of aggravated assault.
Olsen heard the shots, but did not see the shooting. He ran to the next block, turned west, and suddenly saw Cannon. Cannon was silently pointing a gun in Olsen's direction, twenty to thirty yards away. Olsen prudently threw up his hands and jumped behind a wall. This was the factual *516 basis for the charge of aggravated assault in Count IV, and Cannon's subsequent conviction for attempted aggravated assault.
In hearing the facts of the chase, the trial judge must have concluded that there was either proof of aggravated assault or attempted aggravated assault on Olsen, or no crime at all. Proof of simple assault was lacking here because were it not for the pointing of the revolver, there existed no factual basis to support a finding that Cannon, "with an apparent ability to do so," "by word or act," threatened to do violence to Olsen, thereby creating in Olsen a "well founded fear" that violence was "imminent."[1] No threats were made verbally, and no gesture was made other than pointing a gun in Olsen's direction. If Cannon had been closer than twenty-five yards, simple assault might have been established by his pointing at Olsen with a stick, his fist, or his finger. But that was not the scenario here.
This case is similar to Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), although Gillespie involved a Category II lesser offense. (But see Gillespie, Ervin, J., dissenting). In Gillespie, the defendant was convicted of sexual battery by using a deadly weapon, a knife, held to the victim's throat.[2] The defense requested an instruction on the lesser included offense of sexual battery with use or threat of force likely to cause serious personal injury.[3] In that case, there was no evidence any force had been used other than the knife at the victim's throat. The court held that the lesser included offense rule should not have been given because under those facts there was no evidence the lesser offense had been committed.
Gillespie relied on the newly revised Florida Rule of Criminal Procedure 3.510 as not requiring an instruction on the lesser offense. It provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense of a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence. (Emphasis supplied).
This revised rule was intended to alter the old rule and statute[4] relied on in Brown, which required instruction on lesser included offenses, even where there may not have been evidence to support the charge.[5]
Although some courts have held that the 1981 rule revision did not affect the required instruction rule of Brown for necessarily, or Category I, lesser included offenses, see Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), petition for review denied, 444 So.2d 418 (Fla. 1984), I think the phrase "when there is a total lack of evidence of the lesser offense" modifies lesser included offenses in both Categories I and II in the schedule.
Bell v. State, 437 So.2d 1057 (Fla. 1983), supports this view. In Bell, the court held that double jeopardy barred the defendant's convictions for trafficking in controlled substances and sale and possession of the substances, because the latter were necessarily included in the greater offense. Regarding proper instructions the court said:

*517 In a single count indictment or information on a charge of trafficking, a trial judge must instruct on the lesser included offense of sale and possession if evidence exists of these offenses. (Emphasis supplied).
Id. at 1061; see also Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984) (Cowart, J., concurring specially).
NOTES
[1] § 812.13(1), (2)(a), Fla. Stat. (1983).
[2] §§ 782.04 and 777.04, Fla. Stat. (1983).
[3] § 784.021, Fla. Stat. (1983).
[4] § 775.087(2), Fla. Stat. (1983).
[5] § 784.011, Fla. Stat. (1983).
[6] The Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Florida Standard Jury Instructions in Criminal Cases, (1981 ed.); see In Re the Use of Florida Standard Jury Instructions In Criminal Cases, 431 So.2d 594 (Fla. 1981).
[7] Section 784.011 defines "assault" as an:

... intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Section 784.021 defines aggravated assault as:
(1) ... an assault:
(a) with a deadly weapon without intent to kill; or
(b) with an intent to commit a felony. (Emphasis supplied).
Thus by definition, there must be an assault in order for there to be an aggravated assault.
[8] Florida Rule of Criminal Procedure 3.510 provides as follows:

Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence. (emphasis supplied)
[1] § 784.011, Fla. Stat. (1983).
[2] § 794.011(3), Fla. Stat. (1983).
[3] § 794.011(4)(b), Fla. Stat. (1983).
[4] § 919.16, Fla. Stat. (1969).
[5] See The Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Florida Standard Jury Instructions in Criminal Cases, (1981 ed.).