463 So.2d 554 (1985)
Charles FLINT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-930.
District Court of Appeal of Florida, Second District.
February 15, 1985.
*555 James Marion Moorman, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was charged with two counts of robbery while carrying a "firearm or other deadly weapon" under section 812.13(2)(a), Florida Statutes (1983). After a jury trial, he was convicted on both charges of robbery with a firearm. On appeal, he complains of the court's refusal to instruct the jury on certain necessarily lesser included offenses.
The issues before us are best illustrated by considering a portion of the colloquy which occurred at the charge conference:
MR. LYONS [defense counsel]: Your Honor, in reference to lesser included offenses, I filed with the Clerk my proposed lesser included offenses and penalty instructions, and I would request instructions on all the offenses that are listed in the proposed lesser included offenses and penalties instruction.
THE COURT: The Court finds no evidence of any attempted robbery in this case, and since attempted robbery is a category three and there is no evidence I will not charge that as a lesser included. There is no evidence whatsoever that there is any weapon involved in this case other than a firearm, so I will not give robbery with a weapon as a lesser included offense.
I find again no attempted robbery with a weapon, so I won't give that.
I find no evidence of any aggravated assault. That is also a third category, and the assault is included in the robbery with a firearm, the same with assault. There's no evidence of grand theft whatsoever in this case, and consequently, it could never be grand theft because there's no evidence. So it's got to be petty theft.
State have any comment?
MR. MARTIN: No, sir.
THE COURT: State's position the same as the Court's position that it's *556 robbery with a firearm or robbery without a firearm and the petty theft?
MR. MARTIN: Yes, sir.
THE COURT: All right. Your objections are noted, Mr. Lyons.
At the outset, the state suggests that appellant did not properly preserve for appeal his complaint concerning the refusal of the court to give the requested instructions. The state correctly points out that no mention of the appellant's requested instruction was made after the court had instructed the jury and before the jury retired to consider its verdict. However, in State v. Heathcoat, 442 So.2d 955 (Fla. 1983), the supreme court held that where the record of the charge conference reflected that a timely request for an instruction had been made and that the judge understood the request and denied it, it was unnecessary to make any further objection before the jury retired. We believe that a fair reading of the foregoing colloquy indicates that the appellant preserved his objection to the failure to give his requested instructions.
Substantively, we find that the court erred in refusing to give the requested instruction on robbery while carrying a weapon under section 812.13(2)(b), Florida Statutes (1983). Our sister court in Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), petition for review denied, 444 So.2d 418 (Fla. 1984), reversed a conviction for robbery with a deadly weapon on the same ground. The court pointed out that even though there was no evidence of the lesser offense contemplated by section 812.13(2)(b), the court was obligated to instruct on that crime because it was a necessarily lesser included offense. The court further noted that a reference to enhancement crimes under category 1 offenses to robbery in the schedule of lesser included offenses alerts the reader to treat enhancement crimes as any other crimes which have necessarily lesser included offenses. Accord Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1985).
Florida Rule of Criminal Procedure 3.510(b) provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
... .
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
Admittedly, this rule is not as clear as it might be. The words "and is supported by the evidence" could be read to modify the entire phrase "a necessarily included offense or a lesser included offense of the offense charged in the indictment or information." However, considering the historical distinction between necessarily included offenses (category 1) and lesser included offenses which are charged in the information and supported by the evidence (category 2), we are convinced that the words "and is supported by the evidence" modify only the phrase "a lesser included offense of the offense charged in the indictment or information."
Our position is also supported by In re Florida Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). In the course of adopting the new schedule of lesser included offenses, the supreme court on page 597 of that opinion indicated that the revised rule 3.510 would "eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense."
Since the information charged appellant with robbery while carrying a deadly weapon, the court should have instructed the jury on robbery while carrying a weapon, and the failure to do so mandates reversal. Reddick v. State, 394 So.2d 417 (Fla. 1981). The court also should have instructed on aggravated assault and assault because both of these were category 2 lesser *557 included offenses which were alleged in the information and supported by the evidence. However, the failure to charge on these latter crimes was harmless because the court did instruct on simple robbery under section 812.13(2)(c), Florida Statutes (1983), which was one step removed from the crime of which appellant was convicted. State v. Abreau, 363 So.2d 1063 (Fla. 1978).
We reverse the convictions and remand for a new trial.
DANAHY, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.