476 So.2d 272 (1985)
Jeffrey WIMBERLY, Appellant,
v.
STATE of Florida, Appellee.
No. BD-470.
District Court of Appeal of Florida, First District.
October 2, 1985.
*273 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant was charged by information with unlawful possession of contraband in a state correctional institution, two counts of battery of a law enforcement officer, and resisting an officer with violence, Sections 784.07, 843.01, and 944.47, Florida Statutes (1981). He was convicted of possession of contraband in a state correctional institution, one count of battery of a law enforcement officer, and resisting an officer without violence, a lesser included offense to the charge of resisting an officer with violence.[1] Appellant contends that the trial judge committed reversible error by refusing to instruct the jury on the lesser included offense of simple battery which, he asserts, is a necessarily lesser included offense to battery of a law enforcement officer. Appellant also claims that his conviction and sentence for resisting arrest without violence is prohibited by the double jeopardy clauses of the federal and state constitutions since, appellant maintains, this offense is the "same" for double jeopardy purposes as the offense of battery of a law enforcement officer. We reverse as to Point I, but certify the question as being of great public importance. Finding no merit to appellant's second point on appeal, we affirm on that issue.
The testimony at trial indicated that while incarcerated at Union Correctional Institution, appellant fled from the control of two correctional officers, Martin Dockery and Terry Lee Krueger, who were conducting a search of appellant at the time. Officer Krueger testified that he saw appellant throw a metal object into the cell of another inmate, Samuel F. Gilbert. Gilbert testified that he recovered a knife from his cell, which Officer Krueger later identified at trial as the object he saw appellant throw into the cell. Both officers testified that appellant struck them in the mouth while he was being pursued and eventually apprehended.
In his first point on appeal, appellant contends that the trial judge was required to instruct the jury on simple battery as a necessarily lesser included offense of battery of a law enforcement officer, pursuant to State v. Bruns, 429 So.2d 307 (Fla. 1983), and State v. Abreau, 363 So.2d 1063 (Fla. 1978). Appellee, on the other hand, argues that the language of the rule upon which appellant relies, Rule 3.510, Florida Rules of Criminal Procedure,[2] does not require such an instruction, even for a necessarily lesser included offense, where no evidence exists in the record which would support a conviction for the necessarily lesser included offense.[3] *274 We find that this issue was decided contrary to appellee in Wheat v. State, 433 So.2d 1290, 1292 (Fla. 1st DCA 1983), pet. for rev. den., 444 So.2d 418 (Fla. 1984), where the court held that a trial judge is required to instruct the jury on all necessarily lesser included offenses to the offense charged, regardless of the degree of proof supporting conviction for the greater offense. Accord, Cannon v. State, 456 So.2d 513, 515 (Fla. 5th DCA 1984); Flint v. State, 463 So.2d 554 (Fla. 2d DCA 1985). Wheat, Cannon and Flint all interpret the language found in Florida Rule of Criminal Procedure 3.510(b) that "... [t]he [trial] judge shall not instruct [the jury] on any lesser included offense as to which there is no evidence" as applying only to category 2 lesser included offenses, rather than to category 1 necessarily lesser included offenses. This interpretation is based on In Re: Florida Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981), where the Supreme Court stated that the above-noted language of revised rule 3.510 would "eliminate the need to give a requested lesser offense [instruction], not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense." (emphasis supplied). This requirement that a trial judge give a requested instruction on necessarily lesser included offenses is bottomed upon a recognition of the jury's right to exercise its "pardon power," State v. Baker, 456 So.2d 419, 422 (Fla. 1984); Buford v. State, 473 So.2d 795 (Fla. 5th DCA, 1985). Consequently, we reverse appellant's conviction for battery of a law enforcement officer, and remand for a new trial on that offense.
Notwithstanding our conclusion that reversal is mandated by prior convictions, we find, as pointed out by the Second District Court of Appeal in Flint, that rule 3.510(b) is ambiguous and that the state's interpretation of the rule as not requiring a jury instruction even on a necessarily lesser included offense, where no reasonable view of the evidence would support a verdict of conviction on this offense is not unreasonable. Cf., Cannon, supra, at 516 (Sharp, J., concurring in part and dissenting in part); Foster v. State, 448 So.2d 1239, 1240 (Fla. 5th DCA 1983) (Cowart, Jr., specially concurring). Moreover, the Florida Supreme Court has offered potentially conflicting language on the issue, Cf., In Re: Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981), with Bell v. State, 437 So.2d 1057, 1060-61 (Fla. 1983) (court characterized sale, possession of a controlled substance as category 1 (necessarily) lesser included offenses to trafficking in controlled substances; court held in dicta that "... the [trial] judge must instruct [the jury] on the lesser included offense of sale and possession if evidence exists of these offenses." (emphasis supplied).) See also, Green v. State, 475 So.2d 235, 237 (Fla. 1985). The second district itself has refused to hold that a trial judge committed reversible error in not instructing a jury on the offense of petit theft in a grand theft prosecution when the undisputed evidence at that trial indicated that the value of the stolen property was $250.96, even though petit theft is a necessarily lesser included offense of grand theft, Watson v. State, 439 So.2d 1050 (Fla. 2d DCA 1983). Accordingly, we certify the following question as being of great public importance, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
IF THE EVIDENCE AT TRIAL IS SUFFICIENT TO CONVICT OF A NECESSARILY LESSER INCLUDED OFFENSE, AND THE SAME EVIDENCE ALSO INCONTROVERTIBLY SHOWS THAT THE NECESSARILY LESSER INCLUDED OFFENSE COULD NOT HAVE BEEN COMMITTED WITHOUT ALSO COMMITTING THE GREATER CHARGED OFFENSE, DOES RULE 3.510(b), FLORIDA RULES OF CRIMINAL PROCEDURE, REQUIRE THE TRIAL JUDGE TO INSTRUCT THE JURY OF THE NECESSARILY LESSER INCLUDED OFFENSE?
As to appellant's second point on appeal, we find no double jeopardy violation. See, Carpenter v. State, 417 So.2d 986 *275 (Fla. 1982); Cf., Henriquez v. State, 463 So.2d 1178 (Fla. 4th DCA 1984), rev. granted, Case No. 66,782 (Fla. March 1985).
AFFIRMED in part, REVERSED in part, and REMANDED for new trial; question certified.
MILLS, J., concurs.
THOMPSON, J., specially concurs with written opinion.
THOMPSON, Judge, specially concurs.
I concur only because of the prior decision of this court in Wheat v. State which held that it was error for the trial judge to refuse to give an instruction on necessarily included lesser offenses to a charge of robbery with a dangerous weapon when the only evidence showed that a knife was used to commit the robbery. The decision in Wheat relied primarily on Brown v. State, 206 So.2d 377 (Fla. 1968) and several other cases all of which were based on the Rules of Criminal Procedure in effect prior to the 1981 amendment. In 1981 the Florida Rules of Criminal Procedure were amended to provide that: (a) a judge shall not instruct a jury on an attempt to commit an offense if there is no evidence to support such attempt and the only evidence proves a completed offense, and (b) that the judge shall not instruct on any lesser included offense as to which there is no evidence. Fla.R.Crim.P. 3.510. The committee comments on the schedule of lesser included offenses recommended the adoption of that rule to do away with the requirement established by Brown that a court must give instructions on all lesser degrees of an offense regardless of the proof. Fla.Std. Jury Instr. (Crim.) p. 257A (1981 ed.).
The only evidence in this case is that the appellant was guilty of the offense of battery of a law enforcement officer. The jury was instructed that the correctional officers were law enforcement officers. There was absolutely no evidence of a battery on any person other than a law enforcement officer and there would be no basis for the jury returning a verdict of simple battery. A person must necessarily attempt to commit a crime in order to consummate the crime. If an instruction on attempt should not be given when the only evidence shows a consummated crime then an instruction on a lesser included offense, even a necessarily lesser included offense, should not be given when the only evidence shows that the defendant committed the crime with which he is charged. If that portion of Florida Rule of Criminal Procedure 3.510 stating, "The judge shall not instruct on any lesser included offense as to which there is no evidence" (emphasis supplied) is to be given any meaning at all, then it should not be reversible error for the trial judge to refuse to give a jury instruction on any offense which, as a matter of law, is a necessarily lesser included offense of the offense charged in the indictment when the only evidence adduced is that the defendant committed the crime with which he was charged.
NOTES
[1] Appellant's motion for judgment of acquittal was granted as to one count of battery of a law enforcement officer, but was denied as to all remaining charges.
[2] Rule 3.510 provides:

Upon an indictment or information upon which the defendant is to be tried for any offense, the jury may convict a defendant of:
(a) An attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed crime.
(b) Any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence. (emphasis supplied)
[3] That Krueger and Dockery were law enforcement officers is uncontroverted; there was no evidence that appellant was unaware that they were law enforcement officers; and in this prison setting, with both officers dressed in full uniform, the triers of fact could not reasonably conclude that appellant was unaware that they were law enforcement officers.