487 So.2d 311 (1986)
Alfredo THOMPSON and Howard Coleman, Appellants,
v.
STATE of Florida, Appellee.
Nos. 84-1460, 84-1523.
District Court of Appeal of Florida, Fifth District.
February 20, 1986.
Rehearing Denied April 18, 1986.
*312 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendants were charged with robbery while carrying a firearm or other deadly weapon (§ 812.13(2)(a), Fla. Stat.). At trial, at the close of the evidence, the defendants requested the trial court to instruct the jury on certain lesser included offenses including the offense of robbery without a weapon or firearm (§ 812.13(2)(c), Fla. Stat.). The trial court refused this request because in its opinion the evidence adduced showed conclusively and without contradiction that if the defendants committed the robbery in question at all it was committed with a firearm and there was no evidence that it was committed without a weapon or firearm. The defendants made no request for a jury instruction as to the necessarily lesser included offense of robbery while carrying a weapon (§ 812.13(2)(b), Fla. Stat.) and made no objection to the failure of the trial court to submit a jury verdict alternative as to that offense. The defendants were convicted as charged. On appeal they argue that it was reversible error for the trial court to refuse to instruct on the necessarily lesser included offense of robbery without a weapon or firearm.
As a matter of law, robbery without a weapon or firearm under subsection (c) of the statute is a necessarily lesser included offense of robbery while carrying a firearm or other deadly weapon, under subsection (a). Having requested it, the defendants were entitled to an instruction on this necessarily lesser included offense, although the trial court found that there was a total lack of evidence to support a jury finding that the robbery in question was committed without a weapon or firearm. See Brown v. State, 206 So.2d 377 (Fla. 1968); Hand v. State, 199 So.2d 100 (Fla. 1967).
*313 Florida Rule of Criminal Procedure 3.510(b), as amended in 1981,[1] provides that the trial judge shall not instruct on permissive lesser included offenses (i.e., category two of the present Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases (1981 ed.)), as to which there is no evidence. It does not alter the Brown rule in regard to the requirement to instruct on necessarily lesser included offenses (i.e., category one of the Schedule of Lesser Included Offenses). See Matter of Use By Trial of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981);[2]Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985); Flint v. State, 463 So.2d 554 (Fla. 2d DCA 1985); Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984); Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), review denied, 444 So.2d 418 (Fla. 1984); but see Louttit v. State, 467 So.2d 756 (Fla. 3d DCA), review denied, 480 So.2d 1294 (Fla. 1985).
Robbery while carrying a weapon, under subsection (b) of the statute, is the next immediate necessarily lesser included offense (one step removed) of robbery while carrying a firearm or other deadly weapon. Reddick v. State, 394 So.2d 417 (Fla. 1981). State v. Abreau, 363 So.2d 1063 (Fla. 1978), holds that where the omitted instruction relates to an offense two or more steps removed from the offense charged, appellate courts may properly find such error to be harmless under Delaine v. State, 262 So.2d 655 (Fla. 1972). Nevertheless, Abreau makes it clear that the Delaine rule was meant to apply only where the trial court has given instructions on the next immediate lesser included offense, which was not done in the instant case. Therefore, under Abreau, the Delaine rule does not apply and the error in this case may not be considered harmless. Accordingly, this case is reversed and remanded for a new trial.
REVERSED and REMANDED.
UPCHURCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The point of law in this case should be considered further by this court and the Florida Supreme Court.
Brown v. State, 206 So.2d 377 (Fla. 1968), as well as Hand v. State, 199 So.2d 100 (Fla. 1967), held that the trial judge must give a jury instruction permitting a verdict alternative as to all necessarily lesser included offenses when it was requested by defense counsel without regard to the trial judge's view of the sufficiency of the evidence. This holding had two bases. (1) the statutory requirement then contained in section 919.16, Florida Statutes (1967), and (2) the thought that "it is legally impossible to prove a robbery without also proving a larceny."
Both Hand and Brown related to criminal convictions occurring after the adoption on November 6, 1956, of Article V, § 3, Florida Constitution, which authorized the supreme court to adopt court rules governing practice and procedure but before January 1, 1968, the effective date of the first Florida Rules of Criminal Procedure. *314 Those rules adopted the substance of many statutory provisions including section 919.16, Florida Statutes, which was adopted nearly verbatim as Florida Rule of Criminal Procedure 3.510, and read in part as follows:
... the jury ... may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
After its substance was adopted as a criminal procedural rule, section 919.16, Florida Statutes, was repealed in 1970 by Chapter 70-339, Laws of Florida. In September, 1981, Rule 3.510(b) was amended, effective October 1, 1981, and now reads in relevant part:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
* * * * * *
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence. (emphasis supplied)
The rule as amended is patently grammatically ambiguous.[1] However, this and other district courts of appeal have held that Florida Rule of Criminal Procedure 3.510(b), as amended in 1981, authorizes a trial court to not instruct on permissible lesser included offenses[2] when there is no supporting evidence, but that this authority to not instruct does not relate to necessarily lesser included offenses.[3]See Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984), rev. den., 462 So.2d 1108 (Fla. 1985); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984); Flint v. State, 463 So.2d 554 (Fla. 2d DCA 1985); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), rev. den., 444 So.2d 418 (Fla. 1984).
Wheat v. State, supra, was the first case to consider the issue of whether under Rule 3.510(b), as amended in 1981, an instruction on every necessarily lesser included offense is still required although the trial judge determines that there is no evidence supporting the view that the accused is guilty of a particular necessarily lesser included offense rather than guilty of a greater offense also charged. The majority in Wheat gave two reasons for its position that under present Rule 3.510(b) it is still reversible error for a trial court to not instruct on all necessarily lesser included offenses when requested by defense counsel. One reason given was certain language contained in the supreme court's April, 1981, order and opinion,[4] which approved a schedule or table of lesser included offenses for use as part of the Florida Standard Jury Instructions in Criminal Cases and directed the appropriate rules committees to submit proposed revisions to Rules 3.510 and 3.490 by June 1, 1981. In the April, 1981, order, after referring to the fact that jury confusion had resulted from the present rules which required instructions to the jury for offenses for which there was no support in the evidence, the supreme court referred to "the instant changes which will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense." Id at 597. (emphasis supplied) In the emphasized phrase, which is relied upon in Wheat, the words "the instant *315 changes" may have referred to the adoption of the schedule of lesser included offenses. In any event these words, written in April, 1981, cannot be considered an authoritative interpretation or limitation on the meaning of the language in the amendment to Rule 3.510 which was later written and proposed by the rules committees and not adopted by the supreme court until September, 1981.
Ever since Hand and Brown were decided in 1967 and 1968, it has been plain and clear that a trial judge was required to give a jury instruction on every necessarily (category three) lesser included offense, whether or not the trial judge found such offense was supported by evidence, but that a jury instruction was not required on possible or permissive (category four) lesser included offenses unless the information charged and the evidence supported such an offense.[5] Prior to the 1981 amendment, it was also clear that Rule 3.510, which required a jury instruction without regard to the evidence, related solely to attempts and to necessarily (category three) lesser included offenses and did not relate to possible or permissive (category four) lesser included offenses. Therefore, the supreme court's statement in the April, 1981, order and opinion, In re Standard Jury Instructions in Criminal Cases, 431 So.2d at 597, that jury confusion had resulted from the requirement of the present rules to give instructions for offenses for which there is no support in the evidence, must have had reference to necessarily lesser included offenses. If the amendment to that rule is to be given any meaning, it must be construed to authorize a trial judge to decline to instruct on a necessarily lesser included offense not supported by the evidence. Judge Ford L. Thompson, dissenting in Wheat, first observed this.
Next comes the argument or statement, mentioned in Brown and emphasized in Wheat, that in every case proof of the greater offense is necessarily proof of every lesser offense necessarily included in the offense charged. Wheat, 433 So.2d at 1291. This statement or argument sounds correct and has been generally accepted. However, it is a misconception erroneously based on a concept that all constituent elements of criminal offenses are composed of certain "building blocks." Elements are not identical and not necessarily similar and interchangeable as are building blocks. Elements are more like cooking ingredients because a different combination of elements can result in an offense totally different from another (lesser) offense composed of some of the same elements. To say that "it is legally impossible to prove a robbery without also proving a larceny" is like saying that it is impossible to prove a tree without also proving a board. This is not true because while all trees may contain wood that can be cut into boards, the very process of making a board destroys the character of the wood as a tree and both the tree and the board do not exist at the same time. This was recognized in Montsdoca v. State, 84 Fla. 82, 93 So. 157, 159 (1922), when the court stated, "There can be no robbery without violence and there can be no larceny with it." As an example, when an accused is charged with battery with a deadly weapon (aggravated battery § 784.045(1)(b), Fla. Stat.) and the only evidence is testimony that the accused shot the victim with a firearm from across the street, while, theoretically, simple battery (§ 784.03, Fla. Stat.) is a necessarily lesser included offense of the aggravated battery charge, as a practical matter, there is absolutely no evidence that the accused committed a battery on the victim without using a deadly weapon. In such a case no jury instruction should be given as to simple battery because a conviction as to that charge is not supported by any evidence.
Because all offenses which bear the relationship of greater and necessarily lesser *316 included offense are theoretically "the same offense" within the meaning of the prohibition in the constitutional double jeopardy clauses, the State cannot separately charge or try or convict an accused as to each such offense. Likewise, the jury can convict as to but one such offense. For this reason, as to possible verdicts, the jury must necessarily consider the evidence alternatively or disjunctively and as supporting but one offense. Accordingly, as a practical legal matter, as verdict alternatives, greater and necessarily lesser included offenses bear the conceptual relationship of being mutually exclusive; hence, from the jury's viewpoint, evidence as to any one such offense must necessarily be considered to be inconsistent with the legal existence of all of the other offenses present as possible verdict alternatives.
As to jury verdicts and lesser included offenses, the focus is not on the theoretical core elements shared in common by the greater and lesser offenses (as it is in the analysis of offenses for substantive differences when the endeavor is the identification of "same" or different offenses for double jeopardy purposes) but on the evidence or proof relating to the elemental differences that distinguish each offense from the other because such evidence as to such elemental differences must be viewed by the jury as mutually exclusive. That this is true is well illustrated by the statutes applicable in this case, where the charge was robbery while carrying a firearm or other deadly weapon (§ 812.13(2)(a), Fla. Stat.). After the jury had been convinced beyond a reasonable doubt that there had been a wrongful taking of property (the basic, substantive, or core crime of stealing (common law larceny or statutory theft (§ 812.014, Fla. Stat.)) and that the accused was the perpetrator (thereby eliminating the "not guilty" verdict alternative), the decisive issues presented to the jury, as to the particular offense of which he should be found guilty, were:
812.13(1) Was the taking by force, violence, assault or putting the victim in fear?
812.13(2)(a) Did the offender carry a firearm or other deadly weapon?
812.13(2)(b) Did the offender carry a weapon?
812.13(2)(c) Did the offender carry no firearm, deadly or other weapon?
Because one larcenous taking cannot have been both by force and threat (a robbery) and at the same time without force or threat (a larceny), factual issues, if any, relating to these questions are necessarily in the alternative and must be resolved by the jury. Likewise, if force or threat were used and a robbery occurred, the robber cannot have been carrying a firearm, deadly or other weapon and at the same time have been carrying no firearm, deadly or other weapon. Because of the factually necessary disjunctive nature of the jury verdict decision being made, all evidence as to lesser included offenses must likewise be viewed disjunctively, that is, evidence that the robber carried a firearm or other deadly weapon is, in practicality, evidence inconsistent with the proposition that the offender merely carried a non-deadly weapon and with the proposition that he carried no firearm, deadly or other weapon.[6] Likewise, *317 evidence that the offender carried a non-deadly weapon is evidence inconsistent with a finding that the offender carried no weapon. Similarly, evidence that the offender carried no object that could be considered a weapon is inconsistent with a finding that he carried a weapon, deadly or non-deadly. If, as the supreme court noted, jury confusion has resulted from instructions relating to offenses for which there was no support in the evidence, and it has, such confusion has resulted from failing to recognize (1) that, in the context of greater and lesser included offenses and jury verdict alternatives, as a practical matter, evidence of the offender's guilt as to one offense must be considered by the jury to be inconsistent with evidence of the offender's guilt as to any other such offense, (2) that, because one and only one verdict can be returned, any such inconsistency must be resolved by the jury, and (3) that in doing that job the jury should not be made, or permitted, to consider offenses unsupported by any evidence. In this particular, the problem is the same as to necessarily lesser included offenses as it is with permissive or possible lesser included offenses.
If the jury returns a verdict of guilty it is under a sworn duty that such verdict should be for the highest offense which has been proved beyond a reasonable doubt.[7] This, of course, means the one highest offense supported by legally sufficient evidence that convinces the jury beyond a reasonable doubt. Permitting the jury to deliberate verdict alternatives unsupported by evidence not only confuses the jury but permits verdicts that cause much justified public dissatisfaction with the criminal justice system. It is not a perfect system because it is operated by persons (attorneys, judges, and jurors), who are not perfect, but the system should be designed to operate precisely. Wobble should not be ignored or intentionally built into the procedure which is the very machinery of the criminal justice system.
The trial judge's discretion and authority to eliminate jury consideration of a verdict alternative as to a lesser offense because of lack of evidence is no different or greater than his authority under Rule 3.510(a) to eliminate a verdict alternative as to an attempt because there is evidence of a completed offense but no evidence as to an uncompleted offense,[8] or his authority to direct a verdict against the state as to the charged offense, or any greater offense, for the same reason. Indeed, the refusal of a trial court to submit a verdict as to some permissive or necessary lesser included offense for lack of supporting evidence is in effect the granting of a judgment of acquittal as to such lesser offenses and is as proper procedure as is the granting of a judgment of acquittal as to some greater offense unsupported by evidence. The accused has no justifiable complaint in either event because it is the State's right to prosecute and seek a conviction that is being adversely affected by the trial court's ruling in effect directing a verdict against the State as to a lesser included offense as to which there is no evidence. The accused has no legal right to be tried for any particular offense, and his constitutional double jeopardy rights protect him from further jeopardy as to all offenses of which he was put in jeopardy of conviction under the charging document at the time the jury *318 was sworn, not just those concerning which the State produces evidence at trial and which, therefore, go to the jury for consideration.
Because, contrary to the settled law in this[9] and other district courts of appeal,[10] the better practice, and one possible under Rule 3.510(b) as amended, appears to be that the trial judge should not instruct the jury on any necessary or permissible lesser included offenses as to which there is no evidence. This case should be affirmed and, similar to the question certified in Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985), this court should certify to the Florida Supreme Court under Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) that the following questions are of great public importance:
(1) In a given case can there be evidence of a greater offense and yet no evidence as to some particular necessarily lesser included offense?
(2) If so, in such a case, may the trial judge, under Florida Rule of Criminal Procedure 3.510(b), as amended, decline to instruct the jury, and decline to submit a verdict alternative, as to any such lesser included offense?
NOTES
[1] Rule 3.510(b) provides:

Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
* * * * * *
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
[2] Contrary to what is stated in the dissent, this 1981 Florida Supreme Court opinion expressly limited the scope of the proposed rule amendment to three types of lesser offenses  attempts, lesser degrees, and permissive lesser offenses. It expressly did not encompass necessarily lesser included offenses; therefore, it is clear that Rule 3.510(b), as amended, does not dispense with the requirement to instruct on necessarily lesser included offenses in contravention of the very supreme court opinion authorizing it.
[1] It is grammatically unclear whether the phrase "and is supported by the evidence" qualifies one or both of the two preceding phrases. A necessarily included offense is one type of a lesser included offense.
[2] Category two of the present Schedule of Lesser Included Offenses attached to the Florida Standard Jury Instructions in Criminal Cases (1981 ed.) or category four in the Brown v. State classification of offenses.
[3] Category one of the Schedule of Lesser Included Offenses or category three in the Brown v. State classification.
[4] Cited as In Re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, modified, 431 So.2d 599 (Fla. 1981).
[5] "If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense." (emphasis supplied) Brown v. State, 206 So.2d 377, 383 (Fla. 1968).
[6] Compare Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), review denied, 475 So.2d 222 (Fla. 1985), with Wheat v. State. Gillespie was charged with sexual battery by using or threatening to use a deadly weapon (§ 794.011(3), Fla. Stat.). An issue was whether an instruction should have been given as to a lesser included statutory offense of sexual battery (§ 794.011(4)(b), Fla. Stat.), that does not require proof of a deadly weapon. The court stated: "The only evidence in the case is that Gillespie committed a sexual battery by using or threatening to use a deadly weapon, to wit: a knife. Gillespie makes no contention on appeal that a deadly weapon was not used in the commission of the offense. Section 794.011(4)(b) is a category 2 lesser included offense which is not necessarily included in the offense for which Gillespie was charged. If there was any evidence whatsoever that a deadly weapon was not used, then it would have been reversible error for the trial judge to have refused to instruct on the lesser included offense. However, in this case, there was no evidence that a knife was not used and it was therefore proper for the trial judge to refuse to instruct on the lesser included offense." (emphasis supplied) 440 So.2d at 9.
[7] In the context of lesser included offenses Fla. Std.Jury Instr. (Crim.) 2.16, In re Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla. 1976), provides: "If you return a verdict of guilty, it should be for the highest offense which has been proved beyond a reasonable doubt." But see In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, modified, 431 So.2d 599 (Fla. 1981). This instruction is not error because the jury's duty is to return a verdict consistent with the charge and the evidence presented at trial. Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985).
[8] See Henry v. State, 445 So.2d 707 (Fla. 4th DCA 1984); Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983); Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1983), rev. den., 418 So.2d 1278 (Fla. 1982).
[9] Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984), rev. den., 462 So.2d 1108 (Fla. 1985); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984). In Foster the victim was partially pulled into a vehicle. Later it was found that his arm had apparently been cut by an object which the jury found to be a deadly weapon. Therefore, the evidence did not support only an aggravated battery and there was evidence to support a conviction for simple battery. As to the facts in Cannon, see the dissent to that opinion.
[10] Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985); Flint v. State, 463 So.2d 554 (Fla. 2d DCA 1985); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), rev. den., 444 So.2d 418 (Fla. 1984).