SHIVERS, Senior Judge.
Jeffrey Wimberly has appealed from an order of the trial court denying his motion for post-conviction relief pursuant to Fla. R.Crim.P. 3.850. We reverse and remand for further proceedings.
In August 1984, Wimberly was tried and convicted of possession of contraband in a state correctional institution (a knife), resisting arrest without violence, and battery on a law enforcement officer. This court affirmed the former two convictions, but reversed and remanded as to the latter based on faulty jury instructions. Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985).
In December 1986, the state dismissed the battery charge, but the trial court never amended the judgment and sentence, or otherwise acted pursuant to the Wimberly mandate. On October 1, 1987, Wimberly filed a motion pursuant to Fla.R.Crim.P. 3.850 alleging: 1) that the battery conviction should be vacated; 2) and 3) the insufficiency of the evidence to support his convictions; and 4) ineffective assistance of counsel. By order of April 25,1988, the trial court denied the first three grounds as procedurally barred, and ordered the state to respond to the allegation of ineffective assistance. The same order set a re-sentencing for May 31, 1988.
On May 31,1988, the trial court vacated all of Wimberly’s 1984 convictions save that for possession of contraband, and imposed a 10-year sentence as to it. On June 6, 1988, the court again addressed the October 1987 3.850 motion, denying it in its entirety. The court found that the motion improperly raised the sufficiency of the evidence, and made insufficient allegations in support of ineffective assistance.
On August 11, 1988, Wimberly filed a motion for leave to file a belated appeal of the June 6, 1988 order. The motion was never addressed and, on August 25,1989, Wimberly filed a petition for habeas corpus, re-alleging ineffective assistance of counsel. The petition was denied on January 30, 1990. Wim- *232 berly filed the instant motion on April 17, 1992, alleging that counsel was ineffective in failing to file a notice of appeal of the June 6, 1988 order, and seeking a belated appeal of that order. The trial court denied the motion on August 3, 1992. It found that, because “the ruling as set forth in the order of June 6,1988 is correct and proper,” Wimberly’s motion did not demonstrate that the “outcome of [the October 1987 3.850 motion] would have been different even if an appeal had been taken.”
Petitions for belated appeal because of ineffective assistance of counsel should be filed in the trial court pursuant to Fla.R.Crim.P. 3.850. State v. District Court of Appeal of Florida, First District, 569 So.2d 439, 442 (Fla.1990). Entitlement to relief is not dependent on any preliminary showing on the merits. Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992). Therefore, the trial court erred in denying Wim-berly’s motion for belated appeal because of ineffective assistance of counsel based on a finding that an appeal would make no difference. The order should have addressed only the issue of whether counsel improperly failed to file an appeal of the June 6, 1988 order. We therefore reverse and remand for consideration of that issue.
BOOTH and KAHN, JJ., concur.